[No. 12921. In Bank. — September 2, 1889.]

# JOHN H. MILLER, SPECIAL ADMINISTRATOR, ETC., ET AL., RESPONDENTS, v. JUAN M. LUCO, APPELLANT.

| | |
|---|---|
| 80 | 257 |
| 83 | 599 |
| 80 | 257 |
| 86 | 117 |
| 80 | 257 |
| 87 | 460 |
| 80 | 257 |
| 93 | 650 |
| 80 | 257 |
| 95 | 545 |
| 80 | 257 |
| 100 | 149 |
| 80 | 257 |
| 116 | 367 |
| 80 | 257 |
| 123 | 239 |
| 80 | 257 |
| 132 | 434 |
| 132 | 435 |
| 80 | 257 |
| 140 | 150 |
| 140 | 378 |
| 80 | 257 |
| e146 | 182 |

PLEADING — DEMURRER — LEGAL CAPACITY TO SUE — SPECIAL ADMINISTRATOR. — It is not good ground of demurrer that it does not sufficiently appear upon the face of the complaint that the plaintiff has the legal capacity to sue as special administrator. That omission can only be taken advantage of by answer, if the complaint does not show on its face that the special administrator had not the legal capacity to sue.

QUIETING TITLE — PARTIES — JOINDER OF ADMINISTRATOR, DEVISEE, AND HEIRS — EVIDENCE. — In a suit to quiet title to the real property of a deceased testator, the administrator, a living devisee, and heirs of a deceased devisee may properly unite as parties plaintiff. The children of the deceased devisee joined as plaintiffs need not prove that they had succeeded to the devisee's interest, nor that the devisee did not in her lifetime devise it to strangers, that being matter of defense, if true.

ID. — ESTATE OF DECEDENT — PROBATE OF WILL — PLEADING. — In a suit to quiet title to the estate of a decedent, the allegation that he left a will which was duly admitted to probate in a specified court having jurisdiction to probate the will is sufficient, without specifying the due execution or proof of the will.

ID. — POSSESSION. — It is not necessary in an action to quiet title to prove that the defendants held the possession adversely to the plaintiffs, or that the plaintiffs were in possession thereof.

ID. — PLEADING — DESCRIPTION OF PROPERTY — DEMURRER FOR AMBIGUITY. — A description of real estate in a complaint to quiet title which is sufficient for the identification of the property is not subject to a demurrer for ambiguity and uncertainty.

ID. — CROSS-COMPLAINT. — In a suit to quiet title, where defendant relies upon title in himself, a cross-complaint is unnecessary, and may be stricken out.

ID. — EVIDENCE — EXECUTION SALE — JUDGMENT AGAINST ADMINISTRATOR — RECITALS OF SHERIFF'S DEED. — A sheriff's deed made in pursuance of an execution sale upon a judgment against an administrator which recites an execution against the administrator, and a sale of his interest in the land, is not admissible in evidence in an action by the representatives of the estate of the decedent to quiet title as against the holder of the sheriff's deed.

ID. — TAX DEED — ALTERATION. — A tax deed which appears upon the face thereof to have been altered in a material respect after its execution is not admissible in evidence to show title in the holder thereof.

NEW TRIAL — NEWLY DISCOVERED EVIDENCE — TAX DEED — CONVEYANCE BY PLAINTIFF. — A tax title acquired by the defendant in an action to quiet title pendente lite is not available as newly discovered evidence warranting a new trial, and can only be set up by way of supplemental answer. Nor can a conveyance by plaintiff of all his interest to other

parties, *pendente lite*, constitute ground for a new trial, the transferee having the right either to continue the cause in the name of the original plaintiffs or to be substituted as plaintiff.

NONSUIT — GROUNDS OF MOTION. — A party moving for a nonsuit must state in his motion precisely the grounds on which he relies; and a motion not complying with this rule, but stating generally that the plaintiffs had failed to prove a sufficient case, should be denied.

FINDINGS — IMMATERIAL ISSUES — ADMISSIONS OF PLEADINGS — PROBATIVE FACTS. — Findings need not be made upon immaterial issues, nor upon facts admitted by the pleadings; and while findings of probative facts are not to be commended, yet they must be held sufficient if the ultimate facts necessarily result therefrom.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order refusing a new trial.

The facts are stated in the opinion.

*H. S. Mulford,* for Appellant.

*Hunsaker, Britt & Lamme, Patterson Sprigg,* and *Cassius Carter,* for Respondents.

BELCHER, C. C. — This is an action to quiet the plaintiffs' title to land in San Diego County. The land is alleged to belong to the estate of Thomas T. Bouldin, deceased, and the plaintiff Miller sues as special administrator of the estate, and the other plaintiffs as legatees and heirs of deceased. Defendant demurred to the complaint, on the ground that Miller had not legal capacity to sue; that the alleged heirs were improperly joined with the special administrator; that the complaint did not state facts sufficient to constitute a cause of action, and that the complaint was uncertain and ambigious in that it did not show the respective interests of the plaintiffs, nor sufficiently describe the property, their title to which they sought to have quieted.

The demurrer was overruled, and the defendant answered. By his answer he denied, among other things, that Bouldin, at the time of his death, or at any time dur-

ing his life, owned or possessed the land in controversy, or any part thereof, in fee-simple absolute, but admitted that he held an equitable title to the same. It was then, for further answer and by way of cross-complaint, alleged that defendant was the owner, seised in fee, in the possession, and entitled to the possession, of all the lands described in the complaint; and that the plaintiffs had not, nor had any of them, any estate, right, title, or interest therein. And the prayer was, that defendant's title to the lands be quieted as against the plaintiffs.

On motion of plaintiffs, the cross-complaint was stricken out. The case was then tried, and judgment given for plaintiffs, from which, and from an order denying him a new trial, defendant appealed.

1. It is claimed for appellant that the court erred in not sustaining his demurrer, but we think the ruling proper.

The averment relating to the appointment of Miller as special administrator is as follows: "That by an order of the superior court in and for the city and county of San Francisco, state of California (Department Nine), John H. Miller, one of the plaintiffs herein, was duly appointed and constituted special administrator of the estate of Thomas T. Bouldin, deceased, on the fifteenth day of June, 1887, and by such order he was especially authorized and empowered to institute and defend all proceedings, actions at law, and suits in equity as shall be necessary and proper to recover possession of any of said estate claimed or held adversely by others; that on the fifteenth day of June, 1887, he took the oath and filed the bond required by law as special administrator of said estate, and his said letters to him issued as aforesaid are in full force and effect, and have not been revoked."

It certainly does not appear from this averment, or on the face of the complaint, that Miller had not the legal capacity to sue. The most that can be said is, that it does not sufficiently appear that he had such capacity.

But "it is not good ground for demurrer that it does not appear in the complaint that the plaintiff has the legal capacity to sue. That omission can only be taken advantage of by answer." (*District No. 110* v. *Feck,* 60 Cal. 405.)

The objection that there was a misjoinder of parties plaintiff is met by section 1452 of the Code of Civil Procedure, which expressly provides that "the heirs or devisees may themselves, or jointly with the executor or administrator, maintain an action for the possession of the real estate, or for the purpose of quieting title to the same," etc.

It is alleged in the complaint that Bouldin died in the city of San Francisco, in the month of April, 1873, and "that he left a will, which was duly admitted to probate in the county of Charlotte, in the state of Virginia, by the county court of said county (the same having jurisdiction to probate said will) in the month of May, 1873." The objection is, that the complaint is insufficient, "because it does not allege a due execution of the said will of the said Thomas T. Bouldin, deceased; also, because it does not allege that said will has been duly proved or admitted to probate in the county of Charlotte, in the state of Virginia; also, that it does not allege that said court had jurisdiction to approve and admit said will to probate." We see nothing in this point. The complaint seems to us to state the facts referred to as fully as was necessary for the purposes of the case.

The objection that the complaint is ambiguous and uncertain, because the land is not sufficiently described, is also untenable. The complaint, as finally amended, describes the land as that part of the Mission rancho of San Diego, known as lot 23, containing 516 acres. The rancho had been partitioned, and lot 23, as described on a map accompanying the report of the commissioners making the partition, was awarded to the estate of Bouldin. The description was, therefore, sufficient for identification of the property.

2. There was no error in striking out the defendant's cross-complaint. In an action to quiet title, where defendant relies upon title in himself, a cross-complaint is unnecessary. (*Wilson* v. *Madison*, 55 Cal. 5; *Germania B. & L. Ass'n* v. *Wagner*, 61 Cal. 349.) Beside, as judgment was given for plaintiffs, the error, if any, was harmless.

. 3. At the conclusion of plaintiff's testimony, the defendant moved for a nonsuit on the ground "that the plaintiffs had failed to prove a sufficient case." The motion was denied, and it is claimed that the ruling was erroneous.

"It is settled law in this state that a party moving for a nonsuit should state in his motion precisely the grounds on which he relied, so that the attention of the court and the opposite counsel may be particularly diricted to the supposed defects in the plaintiff's case." (*Coffey* v. *Greenfield*, 62 Cal. 608.) The motion made here did not comply with this rule, and it was, therefore, properly denied.

4. It is urged that the court erred in denying defendant's motion for new trial. The motion was based upon the alleged insufficiency of the evidence to justify the decision, upon newly discovered evidence, and upon errors in law occurring at the trial.

We think the evidence sufficient to justify the decision. It was proved by plaintiffs that on the ninth day of September, 1871, the defendant, Luco, executed to Bouldin a quitclaim deed, by which he conveyed to the party of the second part "all the right, title, and interest of the party of the first part in and to the undivided interest of five hundred (500) acres of that certain tract of land situate in the county of San Diego, state of California, and known as the lands of the ex-mission of San Diego, granted by the Mexican government to Santiago Arguello, and finally confirmed by the courts of the United States to the grantee. The said undivided in-

terest hereby conveyed being a portion of the interest in said ex-mission lands derived by said party of the first part from Isaac Hartman by deed dated the twenty-third day of March, A. D. 1869, and by said Hartman derived from Augustin Olvera by an instrument in writing dated the 5th of February, A. D. 1869, and theretofore conveyed to said Olvera by the widow and heirs of said Santiago Arguello, which said deed, instrument, and conveyance are of record in the county recorder's office of San Diego County." And it was proved by defendant that an action was commenced in his name as plaintiff for the partition of the Mission rancho, and that on the nineteenth day of April, 1886, final judgment was rendered in the action by which there was awarded and set apart to the estate of Bouldin, in severalty, a portion of the ranch, described by metes and bounds, containing 516 acres, and designated as lot 23.

It was also proved by plaintiffs that Bouldin died in April, 1873, leaving a will, which was executed in March, 1849, and by which he provided that " the dividends and interests " arising from his estate should be collected by his executors and paid to his father annually during his natural life, and that after his father's death the whole of his estate should be equally divided between his two sisters, Joanna T. Spencer and Alice S. Bouldin; that the father died in 1854, and the sister Alice in 1885; that the plaintiffs other than Miller, the special administrator, were the sister Joanna and her husband, and the children of the sister Alice, and the husband of one of them; and that the will was admitted to probate in the state of Virginia, and that Miller was appointed special administrator of the estate in California. This, we think, constituted sufficient proof that the plaintiffs had an interest in the property in question, and that all of them, except Miller and the husbands, were the legatees or heirs of the decedent.

It was not necessary to prove that the children of

Alice had succeeded to her interest, nor that she did not in her lifetime devise her interest to strangers. This, if true, was matter of defense. Nor was it necessary to prove that the defendant held the premises adversely to the plaintiffs, or that the plaintiffs were in possession thereof.

The newly discovered evidence upon which defendant relied for a new trial was set forth in an affidavit made by his attorney, as follows: 1. The property described in the complaint was assessed for the year 1886 to the administrator of the estate of Bouldin, and the state and county taxes levied thereon amounted to $8.60. These taxes were not paid, and on the seventh day of March, 1887, the property was sold therefor, and defendant became the purchaser. There was no redemption, and on the twenty-sixth day of March, 1888, — between the time of the trial of this action and the entry of judgment therein, — defendant obtained a tax collector's deed for the property. 2. While this action was pending, and before the trial thereof, the plaintiffs conveyed all the property described in the complaint to one William R. Wells, who thereafter conveyed the same to other parties. Neither the defendant nor his attorney had any knowledge of these conveyances until two days after the judge of the court below made and filed his findings and decision in the case.

We do not think the tax deed or the matters leading up to it constituted newly discovered evidence. At most, the deed, if valid, showed a title acquired *pendente lite*, and under a well-settled rule such a title cannot be availed of unless set up by supplemental answer.

The conveyance by plaintiffs was not good ground for a new trial. If proof of it had been made at the trial, the result would not thereby have been changed. The code provides that in case of a transfer of interest the action or proceeding may be continued in the name of the original party, or the person to whom the trans-

fer is made may be substituted. (Code Civ. Proc., sec. 385; *Hestres* v. *Brennan*, 37 Cal. 385; *Camarillo* v. *Fenlon*, 49 Cal. 202.)

There are several alleged errors in law for which it is claimed a new trial should have been granted, but none of them are discussed by counsel for appellant. In his points and authorities he has simply copied the specifications of error found in the statement of the case, without any attempt to show how or why the rulings complained of were erroneous.

Only two of these specifications need be noticed. Defendant offered in evidence a sheriff's deed dated February 21, 1887, purporting to convey to him the land in controversy. The deed recited that, whereas, by virtue of an execution issued out of the superior court of San Diego County upon a judgment recovered therein on the nineteenth day of April, 1886, in favor of Juan M. Luco, plaintiff, and against John W. Carter, administrator of the estate of Thomas T. Bouldin, deceased, defendant, the sheriff was commanded to make certain moneys out of the personal property of the judgment debtor, and if sufficient personal property could not be found, then out of the real property belonging to the judgment debtor at the date of the judgment; and whereas, sufficient personal property could not be found, the sheriff did levy on, take, and seize all the right, title, interest, and claim which the said judgment debtor had to the lands, tenements, and real estate thereafter described, and did, on the nineteenth day of August, 1886, sell all the right, title, interest, and claim of the said judgment debtor in and to said premises at public auction to the party of the second part—defendant Luco—for the sum of $84.67; and whereas, six months after the sale had elapsed, and no redemption had been made therefrom, the sheriff, in consideration of the premises, granted, sold, and conveyed unto the party of the second part all the right, title, interest, and claim which the said judgment

debtor had on the sixteenth day of July, 1886, or at any time afterward, in and to the land described.

The plaintiffs objected to the deed being received in evidence, and the court sustained the objection. We see no error in this ruling. The deed recites a judgment and execution against Carter and a sale of his interest in the land.

The defendant offered in evidence a deed made by the tax collector of San Diego County under date of February 25, 1887, purporting to convey to defendant "the whole of the undivided 305 acres of land in the ex-mission rancho," situate in the county of San Diego, in pursuance of a sale for $6.55, state and county taxes levied against the property for the year 1885.

The plaintiffs objected to the deed being received in evidence, on the ground that it appeared on the face thereof to have been altered in a material respect after its execution, and the court sustained the objection. We see no error in this ruling. It was fully justified by section 1982 of the Code of Civil Procedure.

5. Finally, it is claimed for appellant that the findings do not cover all of the issues raised by the pleadings, and that the decision was, therefore, against law.

There is no necessity for findings upon immaterial issues, or as to facts which are alleged in the complaint, and not denied by the answer. Findings should be of the ultimate, not the probative, facts; still, a finding of probative facts is sufficient, if the court is enabled to say that the ultimate facts necessarily result therefrom. (*Coveny* v. *Hale,* 49 Cal. 552; *Coglan* v. *Beard,* 65 Cal. 58.)

The findings under review here are almost wholly of probative facts, and are not to be commended. We think, however, that the ultimate facts, so far as they are material and in issue, result from the facts found, and the findings should therefore be held sufficient.

It results that we find in the record no error prejudi-

cial to appellant, and therefore advise that the judgment and order be affirmed.

HAYNE, C., and VANCLIEF, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Rehearing denied.