[No. 14239.   Department One. — April 30, 1892.]

SAN JOAQUIN LAND AND WATER COMPANY, RESPONDENT, *v.* F. M. WEST, DEFENDANT, AND JOHN L. BEECHER ET AL., SUBSTITUTED DEFENDANTS, APPELLANTS.

CORPORATIONS — AGREEMENT TO ORGANIZE — SUBSCRIPTIONS PAYABLE TO AGENT — RIGHTS OF CORPORATION. — An agreement to form a corporation for certain specified purposes, and to make a part payment on the shares of stock subscribed by the contracting parties within a specified time after the filing of the articles of incorporation, to a person therein designated as agent, inures, with its advantages and rights, to the benefit of the corporation upon its formation, irrespective of any agreement or want of agreement to that effect, and notwithstanding it may contain special provisions for carrying its own terms into execution.

ID. — AGENTS TO DRAW AND INVEST MONEY COLLECTED FROM SUBSCRIBERS — AGENCY FOR CORPORATION. — Where an agreement to form a corporation constituted a person therein designated as "the agent to collect the amount" which should become "due" under the subscription of the contracting parties, and appointed three persons named as "the agents of the corporation so to be formed," with authority to negotiate for the purchase of property for the corporation, and to "draw" from the person first named any or all moneys paid to him, and use the money to pay for the property so purchased, the persons so designated are the agents of the subscribers prior to the organization of the corporation, but after the incorporation is formed, they could only be the corporation's agents, and their functions as agents of the subscribers must cease.

ID. — REMOVAL OF AGENTS BY CORPORATION. — Such agents having no interest coupled with their agency, it is competent for the corporation to remove them at any time, and appoint other agents in their place or itself assume the custody and disposition of the money.

ID. — REPUDIATION OF AGENCY — SUIT BY CORPORATION FOR MONEY COLLECTED. — When the agents appointed to draw and invest the funds repudiated their agency before any money was paid on the subscriptions, and refused to act under their appointment, and wholly abandoned the same, the corporation is entitled, as against their claim, to the custody of the money collected from the subscribers, and may maintain an action to recover the same from the collecting agent.

ID. — PARTIES — SUBSTITUTION OF AGENT FOR INVESTMENT — THIRD AGENT NOT SUBSTITUTED. — In an action by the corporation to recover the money which the agent had collected from the subscribers to the stock, it is not necessary to make the parties named as agents of the corporation for the investment of the money in the purchase of land parties to the action, nor is the right of the corporation to recover the money in any respect affected by the substitution of two of such parties as defendants in place of the agent who collected it, and who has paid it into court, nor can such substituted defendants, after having repudiated their agency, claim that the presence of the third agent is essential to a determination of the plaintiff's right.

Appeal from a judgment of the Superior Court of San Joaquin County, and from an order denying a new trial.

The following is a copy of the body of the agreement referred to in the opinion of the court: —

"We, the undersigned, hereby agree with each other, and the one with the other, that a corporation shall be formed by us under the name of 'San Joaquin Land and Water Company,' for the purpose of procuring water rights on one or more of the rivers or streams running through the counties of Calaveras, Tuolumne, Stanislaus, and San Joaquin, in this state; purchase, erect, and construct dams, reservoirs, canals, aqueducts, and other water-ways in and by which the water so procured from said rivers, or any of the same, can be utilized for general purposes; to secure and impound springs, streams and other waters in any of said counties, and lead the water so secured to any of such canals and water-ways to supply farms, mines, cities, towns, and villages with any of the said waters for mining, farming, drinking, irrigation, and other purposes; to negotiate for, buy, sell, let, improve, and cultivate lands and town lots in said state, lay out town lots and colony tracts, and sell and let such town lots and colony tracts; that the capital stock of said corporation shall be one million dollars, divided into ten thousand shares of one hundred dollars per share; and we hereby agree with each other, and one with the other, that we will take the number of shares of the capital stock of said corporation which appears opposite our respective names hereunto subscribed, and will pay twenty per cent of the par value of said shares so subscribed by us respectively in five (5) days after the articles of said incorporation shall have been filed in the office of the county clerk of said county of San Joaquin, and will pay the same to F. M. West, at the Stockton Savings and Loan Society Bank at Stockton, California. We hereby constitute said F. M. West as the agent to collect the amount which becomes due as aforesaid. We further nominate, constitute, and appoint L. U. Shippee, J. L.

Beecher, and George Gray as our agents, and the agents of the corporation so to be formed, to negotiate for the purchase of any one or more water rights, canals, reservoirs, aqueducts, or water-ways for said corporation, and draw from said West any or all moneys that may have been paid to him by us respectively, by virtue hereof, and use said money for paying for same; and any and all contracts which our said agents may make in said matter shall be binding upon said corporation, and also. upon us. Our said agents are further authorized to employ engineers and other assistance, and have them survey routes for such canals, and examine proper locations for dams, and do such other service as may be, in their opinion, for our best interest and the interest of said corporation to accomplish the object or purpose for which the same is to be formed.

" Dated November 19, 1887."

Further facts are stated in the opinion of the court.

*E. S. Pillsbury, W. L. Dudley,* and *Gordon Blanding,* for Appellant.

*Baldwin & Campbell, S. D. Woods,* and *P. W. Bennett,* for Respondent.

HARRISON, J. — The controversy involved in this action arises out of the construction to be given to the terms of an instrument executed between the subscribers thereto for the incorporation of the plaintiff, and preliminary to such incorporation. The instrument itself was before this court in the case of *West* v. *Crawford,* 80 Cal. 19, and is there set out at length. It was then held that West was authorized to collect in his own name twenty per cent of the amount that the parties to that instrument had agreed to subscribe to the capital stock of the plaintiff, by reason of their express agreement therein to pay it to him. After that decision, the subscribers paid this twenty per cent to West, and at the commencement of this action, he had in his hands of the amount so collected by him, $35,861.25,

for the recovery of which the plaintiff brought this action, as money had and received by him to and for its use and benefit. After the commencement of the action, West, under the order of the court therefor, paid the money to the clerk of the court to be held subject to the order of the court, and the appellants were substituted as defendants in his place, and answered the complaint. Upon the trial of the issues, the court rendered judgment in favor of the plaintiff, from which the defendants who were substituted for West have appealed.

1. The agreement in question is of that character which is not unfrequently made by the subscribers to a corporation prior to its actual incorporation, and as preliminary thereto, — its object being for their mutual benefit and protection until the organization of the corporate body, and also for the ultimate benefit of the corporation. Upon the formation of the corporation, such an agreement, with its advantages and rights, inures to the benefit of the corporation, irrespective of any agreement or want of agreement to that effect, and notwithstanding it may contain special provisions for carrying its own terms into execution.

By the express terms of this instrument, West was simply "the agent to collect the amount" which should become *due* to the plaintiff by virtue of the subscription to its capital stock which the parties to the instrument should make in pursuance of their agreement. By the instrument itself, the subscribers agreed to "take," i. e., to subscribe for, the number of shares set opposite their names respectively, and "to pay twenty per cent of the par value of *said* shares so subscribed, and that they would pay 'the same' to West in five days after the articles of incorporation were filed. The only money which the subscribers agreed to pay to West was for the stock which they should subscribe for to the plaintiff, and West was simply constituted the 'agent' for the corporation, to collect the amount which should become 'due' under their subscription, and after its collection to hold

it for the use and benefit of the corporation. By the same instrument, the subscribers appointed the appellants, together with one Shippee, as their 'agents,' and 'the agents of the corporation so to be formed,' with authority to 'negotiate for the purchase' of property 'for said corporation,' and to draw from West any or all moneys paid to him, 'and use said money for paying for same.'" Giving to this language its reasonable construction, it was an authority to these three individuals, as agents of the subscribers prior to the organization of the corporation, to make negotiations for the purchase of the property, and that upon the formation of the corporation their agency for the subscribers should cease, and thereafter they should act for the corporation. They could not be the agents of the subscribers and of the corporation for the same purpose at the same time, inasmuch as the interests of the subscribers as individuals would be adverse to the interests of the corporation. The instrument does not provide that the appellants, with Shippee, should at any time be the custodians of the money collected by West. They were only to "draw" from him such money as they might need to use in paying for any property that they should purchase for the corporation; and as it is not claimed that they have negotiated for the purchase of any property for the corporation, there was no occasion for them to draw any of the money from West, or for him to deliver it to them. They, as well as West, were at all times after the incorporation of the plaintiff only its "agents," and having no interest coupled with their agency, it was competent for the plaintiff to remove them at any time and appoint other agents in their place, or itself assume the custody and disposition of the money. The finding of the court that upon the incorporation of the plaintiff the appellants not only ceased to act as the agents of the subscribers, but that "before any of the moneys were paid to West they repudiated such agency, and refused to act under said appointment, and wholly abandoned

the same," fully established the right of the plaintiff as against their claim to the custody of the money.

The appellants, however, contend that the court below in its judgment disregarded the construction given to the agreement by this court in its opinion in the case of *West* v. *Crawford*, 80 Cal. 19, and that it was then held that the plaintiff herein had no right to the custody of the moneys which might be collected by West under that agreement. While there is some language in that opinion that upholds this contention, the opinion must be construed with reference to the case then before the court for its determination. That was merely whether West could maintain an action for the recovery of the twenty per cent agreed to be paid by the subscribers, and his right to maintain such action was upheld upon the ground that the subscribers had made an express promise to pay it to him at a fixed date after the filing of the articles of incorporation. The only parties before the court were West and some of the subscribers, and the ultimate right to the custody of the money was not involved in the action. For the purpose of meeting the argument of the appellants therein, that the money belonged to the corporation, and could be collected only by it in the manner provided by statute for collecting assessments, it was stated in the opinion that it did not appear from the agreement that the corporation would ever be entitled to receive the money. It was not intended thereby to preclude the corporation from asserting its right to the money, nor could any statement in the opinion have that effect. The corporation was not before the court, and as its right to the money had not been submitted by it to this court for determination, it could not be estopped by any statement in the opinion from subsequently asserting such right, and any statement in the opinion respecting its right to the money would be only a *dictum*, and not binding either upon the court or the corporation.

2. It was not necessary that Shippee should have been made a party defendant. The action was brought

originally against West to recover certain moneys which had been collected and were held by him for the use and benefit of the plaintiff. This money was paid into court, and the appellants were substituted as defendants in place of West, and in their cross-complaint they ask that the money be paid to them alone. Inasmuch as West held the money for the use and benefit of the plaintiff, he could not by paying that money into court change or diminish the right of the plaintiff to receive it, nor was its right in any respect affected by the substitution of the appellants as defendants in the place of West. The appellants, after having repudiated their agency, cannot claim that Shippee's presence in court was essential to a determination of the plaintiff's right. Shippee and the appellants are in no respect trustees under the instrument for the purpose of carrying into effect any of its provisions. There was no trust created by the instrument other than such a trust as always exists between a principal and his agent, nor do the moneys in question constitute a trust fund to be disposed of under the directions of a court of equity. They are simply moneys belonging to the plaintiff, and which it has the right at any time to demand from its agent.

The judgment and order are affirmed.

GAROUTTE, J., and DE HAVEN, J., concurred.