[S. F. No. 2685.     Department Two.—July 18, 1903.]

## GUSTAVE NELSON, Respondent, v. KATE BOYLE O'BRIEN et al., Appellants.

EJECTMENT—ATTACK UPON PLAINTIFF'S TITLE—PLEADING—STRIKING OUT IRRELEVANT DEFENSE.—In an action of ejectment where the plaintiff alleged title in fee, and defendants denied such title, the defendants may attack plaintiff's claim of title, when offered in evidence; and a separate defense alleging particulars in which plaintiff's title was defective was properly stricken out as irrelevant.

ID.—CROSS-COMPLAINT—QUIETING TITLE.—The defendant in ejectment was not injured by the striking out of a cross-complaint to quiet his title against the plaintiff. A judgment in his favor in the action of ejectment would have that effect.

APPEAL from a judgment of the Superior Court of Santa Clara County. A. L. Rhodes, Judge.

The facts are stated in the opinion.

J. E. Richards, for Appellants.

Orlo Phelps, for Respondent.

COOPER, C.—Action of ejectment. Appeal from judgment in favor of plaintiff. It is claimed that the court erred

in striking out the portion of defendants' answer denominated the seventh defense. It is alleged therein that plaintiff's title is defective, by reason of certain transfers and a certain judgment of foreclosure. In other words, the defendants in said portion of their answer, have set forth minutely the various deeds and a judgment, being alleged links in the chain of plaintiff's title, and have therein pointed out, by criticism, and calling certain deeds pretended deeds, that which is claimed to be sufficient to show that plaintiff's title is defective. The court properly struck out such matter. The plaintiff alleged title in fee, and defendants denied such title. This was sufficient, and served every purpose. Defendants under this issue could have objected to any defective deed or void link in the chain of title, when such deed was offered in evidence. The reasons, if any, why the title was defective, could have been stated to the court. They had no place in defendants' pleading.

It is further claimed that the court erred in striking out the part of the answer called a cross-complaint. In the cross-complaint it is alleged that defendants are the owners and seised in fee of the premises described in the complaint, and the court is asked to quiet defendants' title against plaintiff. If the judgment had been for defendants upon the issues raised, it would have quieted their title as effectually as would any form of judgment that could have been made on the cross-complaint. The cross-complaint was wholly unnecessary, and defendants were not injured by the order striking it out. (*Mills* v. *Fletcher,* 100 Cal. 149.) No other error is claimed in appellants' brief.

The judgment should be affirmed.

Haynes, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

McFarland, J., Henshaw, J., Van Dyke, J.