[Civ. No. 259.  Third Appellate District.—September 20, 1906.]

JAMES MARTIN, Appellant, v. E. J. MOLERA, Respondent.

EJECTMENT—PLEADING—FORMER JUDGMENT—CLERICAL ERROR IN DESCRIPTION—CROSS-COMPLAINT—VEXATIOUS LITIGATION.—In an action of ejectment where the answer pleaded a former judgment in favor of defendant's grantor against the plaintiff, and alleged a clerical error in the description therein in one call of distance, a cross-complaint seeking affirmative relief, not only to establish the mistake, setting forth all the facts relating thereto, but also to establish that the lands described in the complaint are part of the lands involved in the former action, and that the present action is inequitable and is intended to harass, vex and annoy de-

fendant by compelling him to relitigate the same questions which were tried and determined in the former action, was properly filed, and a demurrer thereto was properly overruled.

ID.—RULES AS TO PROPRIETY OF CROSS-COMPLAINT.—Although a cross-complaint is unnecessary where full relief may be had under the denials and averments of the answer, yet it is permissible in an action involving the title to real property where it seeks affirmative relief affecting the property to which the action relates, under section 442 of the Code of Civil Procedure, in order that the whole controversy respecting such property may be determined in one action. A cross-complaint is especially proper, where the affirmative relief sought involves more than title and right of possession of the property affected, and includes the right of the defendant to relief against harassing, annoying and vexatious attempts to relitigate questions already adjudicated and settled.

APPEAL from a judgment of the Superior Court of Monterey County. M. T. Dooling, Judge presiding.

The facts are stated in the opinion of the court.

D. M. Delmas, and J. J. Wyatt, for Appellant.

Charles W. Slack, for Respondent.

McLAUGHLIN, J.—It is alleged in the complaint herein that on a specified date the plaintiff was the owner, seised in fee and in the possession of a designated tract of land, and at the time the action was commenced he was the owner and entitled to the possession of said land. This is followed by an averment that on the date mentioned the defendant entered upon and ousted and ejected plaintiff, to his damage in the sum of $1,000. The prayer demands restitution of the premises with damages in the sum stated. The defendant filed an answer denying each of the allegations of the complaint and pleading a judgment rendered in an action between plaintiff and defendant's predecessor in interest, involving the title and possession of the land here in controversy, which judgment was affirmed by the supreme court (see *De Molera* v. *Martin*, 120 Cal. 544, [52 Pac. 825]). In connection with this special defense it was alleged that in the complaint in the former action one of the calls in the description of the land read "South 82 degrees West, *3.35* chains

to station," and by reason of a clerical misprision and mistake this call read "South 82 degrees West 5.35 chains to a station," as inserted in the judgment pleaded. Immediately following this, in a portion of the pleading designated a cross-complaint, the defendant pleaded the facts touching the former action between plaintiff and defendant's grantor, and inserted a copy of the judgment in said former action. The above-mentioned mistake in one of the courses and distances as inserted in the judgment was then set forth, and this was followed by three paragraphs specifically fixing the starting point in the description of the tract of land involved in the former judgment, and more particularly describing one of the boundaries of the tract with reference to the old channel of the Salinas river and the cabin of Buckskin Joe, which was destroyed by fire after the commencement of said action. The cross-complaint further contained specific allegations to the effect that the lands described in the complaint herein are a part of the lands involved in the former action and that the present action is contrary to equity and good conscience, and is intended to harass, vex and annoy defendant by compelling him to relitigate the same questions which were tried and determined in the action of *De Molera* v. *Martin,* and that cross-complainant has no plain, speedy or adequate remedy at law.

The plaintiff demurred to the cross-complaint on the ground that it did not state facts constituting a cause of action. The demurrer was overruled and plaintiff answered, but later withdrew his answer and elected to stand on the demurrer to the cross-complaint. His default was thereupon entered and the court proceeded to hear evidence touching the averments of the cross-complaint, all of which were found to be true as pleaded. Judgment was thereupon entered in favor of defendant, and from such judgment this appeal is prosecuted.

Appellant contends that the court erred in overruling his demurrer to the cross-complaint, and this contention presents the only point urged in the brief filed in his behalf.

It is urged that in cases like the one at bar a cross-complaint is always unnecessary and improper, and *Doyle* v. *Franklin,* 40 Cal. 106, is cited as supporting this view. Waiving the fact that the court expressly declined to pass on this particular point in that case, an examination and analysis of this and cases of like tenor. shows that our highest court has

simply decided that where the relief demanded in the cross-complaint can be had upon the denials and averments of the answer, a cross-complaint is unnecessary. (*Nelson* v. *O'Brien,* 139 Cal. 629, [73 Pac. 469] ; *Miller* v. *Luco,* 80 Cal. 261, [22 Pac. 195] ; *Wilson* v. *Madison,* 55 Cal. 8.) This, however, is far from saying that a cross-complaint may not, under some circumstances, be both proper and necessary. The rule in ejectment is identical with the rule in actions to quiet title, and the reason underlying one supports the other; hence authorities applying to the latter class of actions apply with equal force to actions in ejectment. In *Winter* v. *McMillan,* 87 Cal. 264, [22 Am. St. Rep. 243, 25 Pac. 407], the supreme court, in passing upon the question before us here, said: "Appellants contend that the demurrer to the cross-complaint ought to have been sustained; that a cross-complaint is improper in actions of this kind. In support of this contention, they cite *Wilson* v. *Madison,* 55 Cal. 8. All that case decides is, that where the relief demanded by defendant can be had upon the denials and averments of his answer, a cross-complaint is unnecessary. But there may be cases in which full relief cannot be given the defendant upon answer, and *as in ejectment,* a cross-complaint in such cases is recognized as a proper pleading so that the whole controversy may be settled in one action." This doctrine has received express or implied sanction in a number of cases where the point was involved. (*Angus* v. *Craven,* 132 Cal. 698, [64 Pac. 1091] ; *Islais & S. W. Co.* v. *Allen,* 132 Cal. 438, [64 Pac. 713] ; 17 Am. & Eng. Ency. of Pl. & Pr., pp. 354, 356.)

Under section 442, Code of Civil Procedure, whenever the defendant seeks affirmative relief affecting the property to which the action relates, he may in addition to his answer, file a cross-complaint. That the affirmative relief demanded by the defendant related to the property to which this action relates, cannot be gainsaid. That such relief involved more than title and right of possession seems equally clear. The plaintiff was bound by the former decree if the property in controversy here formed part of the land embraced in the prior litigation. The defendant was entitled to relief against harassing, annoying and vexatious attempts to relitigate questions already adjudicated and settled, and if so, we can conceive of no better time or place to seek such relief than in an action practically identical with the case already determined

against the plaintiff's assertion of right.   It is not necessary to consider the propriety of thus litigating some questions arising out of facts stated in the amended cross-complaint. The single question presented for determination here is whether the cross-complaint states facts sufficient to entitle the defendant to *any* affirmative relief.   Having concluded that it does, the judgment must be affirmed, and it is so ordered.

Buckles, J., and Chipman, P. J., concurred.