[Civ. No. 2355.   Third Appellate District.—June 23, 1922.]

## SAN JOAQUIN BRICK COMPANY (a Corporation), Respondent, v. JAMES MULCAHY, Appellant.

[1] TRIALS—PLEADING—DEFAULT—ISSUES—EVIDENCE.—Where, at the opening of the trial of an action, and by leave of the court, the defendant files what is termed by the document itself a cross-complaint, and the plaintiff makes no objection thereto and does not file any counter-pleading, and it is not stipulated that the allegations of such pleading of the defendant be deemed denied, but the case is tried and counsel for defendant introduces evidence as if an issue thereon had regularly been tendered, the defendant is not entitled to have the default of the plaintiff thereafter entered for failure to answer said pleading, even though such pleading be in fact a cross-complaint and not merely a counterclaim.

[2] ID.—AFFIRMATIVE PLEADINGS—INSUFFICIENT FINDINGS.—Whether such pleading of the defendant constituted a cross-complaint or amounted only to the setting up of a counterclaim, the matters therein affirmatively alleged having been such that, if true, the defendant would have been entitled to a judgment thereon against the plaintiff, and the defendant having introduced evidence in support of those allegations, the failure of the court to find thereon constituted reversible error.

APPEAL from an opinion of the Superior Court of San Joaquin County. George F. Buck, Judge. Reversed.

The facts are stated in the opinion of the court.

A. H. Carpenter for Appellant.

Smallpage & Rex for Respondent.

HART, J.—The plaintiff brought this action to recover from the defendant the total sum of $1,078, alleged to be the balance due to the plaintiff from defendant for merchandise sold and delivered to and services performed for the latter by the former.

The complaint is in four counts, in the first of which it is alleged that the plaintiff sold and delivered to and performed certain services for the defendant, and in each of the remaining counts it is alleged that, on the day named

therein, the plaintiff sold and delivered to the defendant certain merchandise.

The defendant filed an answer in which he specifically denied each of the material allegations of the complaint, and, also, at the opening of the trial, and by leave of the court, filed what is termed by the document itself a cross-complaint, in which, after the formal averments, it is alleged: ''That, within four years last past, said cross-defendant became, and still is, indebted to cross-plaintiff in the sum of two thousand and fifty-three dollars on an open and current account for moneys advanced to cross-defendant at its special instance and request''; that cross-defendant has not paid to cross-plaintiff said sum of $2,053, or any part thereof, and that ''the whole thereof is now unpaid and due and owing to cross-plaintiff from said cross-defendant.''

The prayer is that plaintiff take nothing by reason of this action, and that cross-plaintiff have judgment against cross-defendant for the sum sued for in his cross-complaint.

The plaintiff made no objection to the filing of the cross-complaint, but reserved the right, with the consent of counsel for the defendant, to ask the court for and to be granted a reasonable time within which to answer said pleading and ''a reasonable continuance,'' if necessary for that purpose. But the plaintiff did not ask for time to file an answer to the cross-complaint and neither answered the same nor demurred thereto; nor was there any suggestion by the court or counsel that the averments of the cross-complaint should be deemed denied.

Ordinarily, failure to answer a cross-complaint which states a cause of action for affirmative relief entitles the cross-complainant, upon demand therefor, to a judgment by default for the relief so prayed for. In this case, however, the trial was had in the month of February, 1921, and judgment entered for the plaintiff on the issues made by its complaint and the answer of defendant thereto on the fourth day of April, 1921. Written demand by defendant to the clerk of the court for the entry of default on his cross-complaint was filed and so made on the ninth day of May, 1921, and the clerk refused to enter the default.

Upon demand of the defendant, made prior to the trial, the plaintiff delivered to the former a bill of particulars

showing the several items of which the account upon which the action is based was made up. The bill contained, in addition to the debits, certain items of credit on account of payments made by the defendant.

At the trial the defendant was the first witness called by the plaintiff and his examination was founded entirely on the bill of particulars, counsel for the plaintiff taking up each item in said bill, calling the attention of defendant thereto and asking him, in effect, whether it was or was not correct. The correctness of some of the items was verified by the defendant, while there were others which he disputed. The assistant manager of plaintiff was also put on the stand and gave testimony in support of the correctness of the account. Then defendant, in his own behalf, and in support of the alleged cross-complaint, testified that he had returned or sold to the plaintiff the following articles: 45,000 bricks at ten dollars per thousand; 200 sacks of cement at sixty cents per sack; 100 yards of sand at one dollar per yard; 3,000 sacks at five cents each; 4,000 pressed brick at forty dollars per thousand. The defendant further testified that he performed two days' work with truck at fifteen dollars per day, and that he made a cash payment of $753 on July 3, 1918, and a cash payment of $1,000, the same having been made by check, dated September 7, 1918. These items totaled, approximately, the sum claimed by defendant in his purported cross-complaint. The 4,000 pressed bricks referred to by defendant were purchased by him from a person other than plaintiff and never sold to the latter by defendant. None of these items was, so defendant testified, included in the bill of particulars, nor, so he further stated, was he allowed any credit by plaintiff therefor in its account with him, as indicated by the bill of particulars.

The court, in its findings, took up each item set out in the bill of particulars and found in accordance therewith, referring in each instance to the part of the bill where the particular item was noted, for illustration, as follows: "That on the 20th day of September, 1918, plaintiff, at the request of defendant, sold and delivered to him seven thousand (7000) common brick (*set forth on page 3, line 8, of said bill of particulars*)," and, as stated, so proceed the

findings to the end. The court then made this finding (No. 5):

"That within four years last past plaintiff, at the request of said defendant, sold and delivered merchandise unto said defendant, and performed services therefor, to the reasonable value of Seven Thousand Seven Hundred Sixteen and 20/100 Dollars ($7716.20); that the items of merchandise so sold and delivered are correctly set forth in the bill of particulars filed herein by plaintiff, and the reasonable value of said articles so delivered is as set forth in said bill of particulars. *That upon the aforesaid amount said defendant is entitled to a credit,* by way of cash paid, *or* goods returned, as shown by said bill of particulars, in the sum of Seven Thousand Five Hundred Nine and 25/100 Dollars ($7509.25), leaving a net amount due and unpaid of Two Hundred Six and 95/100 Dollars ($206.95). That in addition, there should be allowed a credit of Thirty Dollars ($30.00) for the services of defendant rendered plaintiff, at the latter's request, in the hauling of certain brick."

No specific finding was made as to any of the items of credit embraced (in general language) within the averments of the purported cross-complaint and which defendant testified that he was entitled to be allowed and which he further stated were not included or noted in the bill of particulars.

Judgment for the sum of $1,070 was awarded plaintiff, and from this judgment the defendant appeals under the alternative method.

Upon its face the so-called cross-complaint filed by the defendant does not appear to be a cross-complaint, since it is not thereby shown that the relief therein asked relates to or depends upon "the contract or transaction upon which the action is brought." (Code Civ. Proc., sec. 442.) It will be noted, however, that the defendant's testimony disclosed that the larger portion of the claim declared upon in said pleading involved items relating to the transaction upon which the action was brought. The only item in his claim which might be said not to relate to the said transaction was that involving the sale of the 4,000 bricks to the plaintiff by the defendant at ten dollars per thousand.

While it has often and very properly been held that a cross-complaint is wholly unnecessary, and that it is not error to strike it from the files on motion, where the relief demanded can be had upon the denials and averments of the answer, it has never been held, so far as we are advised, that in such case it is improper for the defendant to file such a pleading where he seeks affirmative relief. (*Martin* v. *Molera*, 4 Cal. App. 298, 301 [87 Pac. 1104]; *Nelson* v. *O'Brien*, 139 Cal. 629 [73 Pac. 469]; *Miller* v. *Luco*, 80 Cal. 261 [22 Pac. 195]; *Wilson* v. *Madison*, 55 Cal. 8.) [1] In this case we think that, in view of the evidence, the so-called cross-complaint, in so far as its averments refer to the transaction upon which the action is brought, may properly be treated as a cross-complaint, or, in view of all of its averments or the several claims referred to by said pleading, may be treated as a counterclaim. Viewed as a cross-complaint, it was, of course, the duty of the defendant to answer it or suffer the consequences of a default for failure to do so. But, the default having been demanded after the case had been tried, the claim of the defendant that he was entitled to a default is wholly untenable, inasmuch as counsel for the defendant evidently tried the issue made by said pleading upon the theory that such an issue had regularly been tendered by the pleadings in the case. In other words, counsel offered and the court received evidence in support of the claims to which said pleading referred and counsel for the plaintiff cross-examined the witness (the defendant) giving such testimony without objection from counsel for the latter. We may, therefore, assume that the court and the attorneys treated the pleading in question as one involving nothing more than the setting up of a counterclaim, and in this view the new matter so stated was, of course, deemed to be denied. (Code Civ. Proc., sec. 462; *Melander* v. *Western Nat. Bank*, 21 Cal. App. 462, 467 [132 Pac. 265], and cases cited therein.)

[2] But, whether the pleading referred to is a cross-complaint or amounted only to the setting up of a counterclaim, the defendant was entitled to have the claim thus set forth disposed of by the court. It will be observed that, if the court had accepted the testimony of the defendant given in support of the allegations of the so-called cross-

complaint, he would be entitled to a judgment in the sum, approximately, of $1,000, or a trifle more than the amount of the judgment awarded to plaintiff.

As above explained, the court specifically made its findings with reference to the items contained in the bill of particulars furnished by the plaintiff to the defendant. While this was wholly unnecessary, and, ordinarily, the reference thus made to the items contained in said bill would carry with it no legal significance, and, indeed, could be treated as surplusage and properly as entitled to no notice, yet it becomes significant here because it is thus clearly disclosed that the court made no allowance of credits to the defendant and considered none except such as were included or noted in the bill of particulars. The defendant testified, as seen, that the several items of credit to which he claimed to be entitled were not noted in or embraced within the bill of particulars. But, even if it be admitted that the findings should not be considered by the light of the court's reference therein to the bill of particulars, it still remains true that the court should have specially found on the several items constituting the claim set up by the defendant, whether they were set up by way of a cross-complaint or as a counterclaim. In other words, the decision as evidenced by the findings should be so clear as to leave no ground for doubt that it embraced a consideration and disposition of said claim.

As stated, the findings are not only not clear upon that proposition, but it is quite manifest, from the findings, that the court did not find on the items of credit or claims referred to. These, of course, constituted material issues in the case.

"It is, of course, well settled that if any material issue is left unfound, it is a ground for a reversal of the judgment." (Hayne on New Trial and Appeal (Rev. ed.), p. 1317; *Math* v. *Crescent Hill Gold Mines Co.*, 31 Cal. App. 636, 641 [161 Pac. 140].)

Furthermore, an examination of the findings will readily show that the purported finding made by the court as to credits to which the defendant was entitled is not a finding of fact but a conclusion of law. The only instance in which the court in its findings refers to credits which should be allowed the defendant is to be found in finding

V, above quoted herein. Thus it will be noted that the court merely stated, after finding that the plaintiff furnished certain materials and performed certain services, totaling a certain specified amount: " . . . That, upon the aforesaid amount said defendant *is entitled to a credit,* by way of cash paid, *or* goods returned, as shown by the said bill of particulars, in the sum of $7,509.25." It will thus be perceived that, while the court states that the defendant is entitled to certain credits upon the account, it does not actually allow the defendant any credits.

But the important objection to the decision is, as first above shown, that the court failed to find on a material issue.

The judgment is reversed and the cause remanded, with direction to the court below to allow the plaintiff, if it be so advised, to answer the so-called cross-complaint, and the defendant, if he be so advised, so to amend his answer as to include therein any counterclaim he may be able to set up, including those as to which he filed the so-called cross-complaint.

Burnett, J., and Finch, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 21, 1922.

All the Justices present concurred.

Richards, J., *pro tem.,* and Myers, J., *pro tem.,* were acting.