[Civ. No. 3658. Third Appellate District.—January 30, 1929.]

THOMAS R. LYNCH et al., Plaintiffs and Respondents, v. ERNEST E. GAGNON, Defendant and Appellant; CLARENCE E. COE, et al., Defendants and Respondents.

Leonard S. Barnes ·for Defendant and Appellant.

Thomas R. Lynch, Gibson, Dunn & Crutcher, Philip C. Sterry and William B. Dennis for Plaintiffs and Respondents.

SHIELDS, J., *pro tem.*—This is an appeal from a judgment growing out of facts of which the following is a sufficient statement: In July, 1924, the defendant Gagnon doing business under the name of Affiliated Enterprises, secured an option on a tract of about thirteen and one-half acres of land in the city of Los Angeles. To exercise the option and purchase the land, he proceeded to organize a "syndicate" to which he transferred his option and which proceeded to purchase the property. The plaintiffs were members of the syndicate as was Gagnon, his interest being given to him as part of the consideration for the transfer of his option. The parties purchased the land with a view to its subdivision, improvement, and resale. The title to the property was to be conveyed to the Bank of America, as trustee, to hold for the beneficiaries, and to perform for their benefit the countless duties connected with conducting the business of the syndicate, collecting its money, paying its debts, and similar details. To effect all of these purposes and to define the rights and duties of the parties, the members of the syndicate executed among themselves a "syndicate agreement" in which, among other things, it was provided that the property should be conveyed to the Bank of America, which was thereupon to execute a "trust agreement," defining the details of the trust.

The syndicate agreement contained as one of its many provisions subdivision 8, which read, "the said Trustee shall appoint Affiliated Investment Co. (operating under a declaration of trust) sole and exclusive selling agent for the said property at a commission of twenty-five (25%) per cent." Upon the conveyance of the property to the Bank of America, it proceeded, on the twelfth day of March, 1924, to execute the "declaration of trust" provided for in the syndicate agreement.

Following the instruction contained in this latter agreement, the trustee included in its declaration the following: "It is understood by and between all of the parties hereto,

that Ernest E. Gagnon, doing business under the name of Affiliated Enterprises, shall be and he is hereby appointed the sole and exclusive selling agents for the property, hereinbefore described.''

Another provision of the declaration of trust was that ''for all of the purposes of this trust a managing committee shall be chosen from among the syndicate members, consisting of three persons, of which Ernest E. Gagnon, or his successor, shall be one, and a notice in writing of the names of the persons chosen for said committee, or any change thereof, shall be deposited with the trustee by Ernest E. Gagnon, or his successor, and . . . the trustee may take the written instructions of a majority of said committee in all matters pertaining to this trust.'' This declaration of trust was signed by the trustee, and by the members of the syndicate, including the defendant Gagnon. Differences arose between some of the members of the syndicate and their selling agent, Gagnon, and growing out of this condition, the two members of the managing committee above referred to, other than Gagnon, notified in writing the trustee Bank of America, that on May 4, 1925, the agency of Ernest E. Gagnon was rescinded, effective May 12, 1925. The trustee was instructed to consider the agency as ''rescinded and terminated.'' Gagnon denied the power of the syndicate to discharge him and the trustee bank refusing to appoint a successor to him, this action was begun June 5, 1925.

The complaint prays for an injunction against Gagnon preventing him from exercising his previous agency rights, and for a mandatory injunction compelling the Bank of America to cancel the appointment of Gagnon, and to appoint such other broker as a majority of the managing committee should name. To this complaint defendant Gagnon filed a general and a special demurrer. These demurrers were sustained July 20, 1925. Plaintiffs did not amend their complaint, and on the twenty-ninth day of October, 1925, defendant Gagnon filed an answer to the complaint, to which his demurrer had previously been sustained, and filed as well a cross-complaint in which he asked for independent relief.

The action in due time went to trial and the judgment appealed from was rendered. The judgment followed the prayer of the complaint and directed the bank to appoint

as selling agent the nominee of a majority of the managing committee, and to remove the defendant Gagnon from his employment as such.

Appellant's first contention is that the complaint does not state a cause of action, and that there is, therefore, no support for the judgment. It will be recalled that a general demurrer had been sustained to the complaint prior to the filing of defendant's answer. Did defendant's answer revive the complaint?

If defendant had filed his answer prior to the decision on his demurrer it would have operated as a waiver of all grounds of demurrer, except that the complaint did not state facts sufficient to constitute a cause of action. (*Booth* v. *Chapman*, 59 Cal. 149; Bancroft's Code Pleading, secs. 721, 732.) We can see no reason why answering after such decision should not have the same effect. "In order to take advantage of the ruling sustaining a demurrer or motion, the party must stand upon his pleading." (Bancroft's Code Pleading, sec. 723.) Appellant does not go so far as to contend that because a general demurrer had once been sustained to the complaint that there was thereafter no valid existing complaint remaining in the case. He seems to concede that in the circumstances, the question of its sufficiency as stating facts, was before the trial court, but insists that the court erred in holding it to be sufficient, or in receiving evidence upon it, upon the assumption that it was sufficient. We think that the complaint did state facts sufficient to justify the relief asked and the particular judgment rendered. But such a determination is not necessary to the proper support of the judgment. ▮ Defendant with his answer filed a cross-complaint, in which, among other things, he asked for declaratory relief, under section 1060 of the Code of Civil Procedure. Plaintiffs answered this cross-complaint, and later the action went to trial on the issues growing out of both the complaint and the cross-complaint.

The complaint is undoubtedly confusing and uncertain as to the theory upon which it proceeds, and defendant could safely have stood upon the judgment sustaining his special demurrer. Apparently irrelevant matters were pleaded and issues raised which were not appropriate to the action.

At the trial, over the objection of the defendant, evidence was heard upon all of these matters, and findings were made thereon. But admitting such irrelevant matter, and findings to have been made upon irrelevant issues, the defendant Gagnon was not injured thereby. The complaint did state Gagnon's employment, the appointment and existence of the "managing committee," the neglect of his duties by Gagnon, and his inattention thereto, the termination of his employment by the "managing committee," and the further statement that the trustee and Gagnon failed to act upon such dismissal, and, finally, the prayer for a judgment enforcing such dismissal. There was evidence in support of these allegations, and appropriate findings thereon. As the judgment rendered was clearly the proper one upon this evidence, and these findings alone, evidence and findings upon other, even irrelevant issues which could not have affected this judgment, may be disregarded.

But defendant's vigorous objection to the complaint herein, and to its imperfections, would avail him nothing, even if sustained.

Disregarding the complaint, the action still subsisted as to the issues raised by the cross-complaint and the answer thereto. (*Mott* v. *Mott,* 82 Cal. 413 [22 Pac. 1140, 1142]; *Warner* v. *Darrow,* 91 Cal. 309 [27 Pac. 737]; Bancroft's Code Pleading, sec. 740.) As the judgment was well within the issues, and was supported by findings directly thereon, defendant cannot complain of its lack of foundation.

He asks that his contract of exclusive employment be interpreted. The matter was heard, evidence was taken, and the court found that "the exclusive sales agency held by defendant Gagnon, is for no specified period of time," and as a matter of law that such sales agency "was and is a revocable agency."

The court further found that Gagnon had not properly discharged his duties as such sales agent and that the "managing committee" had discontinued his employment and had notified the trustee to so discontinue the same; and the court thereupon decreed that the trustee act in pursuance of the direction of the managing committee. Defendant, by his plea for declaratory relief, raised these issues, and he cannot now claim that they were not before the court, nor that the

court had no jurisdiction to decide them. (*San Joaquin Brick Co.* v. *Mulcahy,* 58 Cal. App. 295 [208 Pac. 351].)

Defendant's next contention is that his employment was coupled with an interest and was therefore irrevocable. It will be recalled that defendant obtained an option for the purchase of the tract of land involved herein, and effected the organization of a syndicate to purchase it. Upon certain payments made by the syndicate the owner of the property conveyed it to the Bank of America to hold in trust for the members of the syndicate. In consideration for his services in purchasing the property for the syndicate, or in consideration of his option defendant was given an interest in the syndicate and a beneficial interest in the trust, and was given employment as the exclusive sales agent for the sale of the syndicate property. Such an employment is not coupled with an interest. (1 Cal. Jur. 707; 2 Cor. Jur. 531.) The writings out of which the agency grew do not purport to create an irrevocable employment. To constitute a power irrevocable, the terms of its grant must be so clear as not to require interpretation. (*Barr* v. *Schroeder,* 32 Cal. 609.) It might be noted in passing that defendant's whole beneficial interest as a selling agent was contingent. Section 9 of the syndicate agreement provides that the members of the syndicate might at any time sell any unsold lots belonging to the syndicate. Gagnon's employment, or, at least, any reward growing out of it was wholly contingent upon the failure of the other members of the syndicate to make sales under this section.

The employment was for no specified length of time. Such an employment is ordinarily only at the will of the employer. (*San Joaquin etc. Co.* v. *West,* 94 Cal. 399 [29 Pac. 785]; *Easton* v. *Millington,* 105 Cal. 49 [38 Pac. 509]; 1 Cal. Jur. 702.) Even where the employment is based upon a consideration it is not irrevocable. (1 Cal. Jur. 708.) In such a case, the employer has the *power* to discharge the agent at any time, but the *right* to revoke depends upon circumstances. (*Roth* v. *Moeller,* 185 Cal. 415 [197 Pac. 62]; *Boehm* v. *Spreckels,* 183 Cal. 239 [191 Pac. 5].) So in the case before us, the managing committee and the syndicate had the power to discharge defendant as they did, and with the exercise of such a power the courts have no authority to interfere. But where the employment is

based upon a consideration, as in this case, and the plaintiffs apply to a court of equity in aid of their power to discharge, they must show more than a mere power; they must show a *right* to discharge.

An employment based upon a consideration can only be rightfully terminated under conditions which render it reasonably just and proper to do so. (*Boehm* v. *Spreckels*, 183 Cal. 239 [191 Pac. 5].) Here the court found neglect and inattention to duty on the part of the defendant. This finding justifies the judgment of the court, and the determination that the act of the managing committee and of the syndicate in terminating defendant's agency, was a rightful exercise of their power. Appellant contends further that his removal after he had given bonds to the trustee and to the county of Los Angeles, saving them harmless against charges for the improvement of the tract of land, and other purposes, would be unjust. But the giving of these bonds was a thing apart from his sales agency. He was not required to give the bond to the trustee as sales agent. He gave it as a member of the syndicate. He still remains a member of the syndicate. The provisions of the declaration of trust under which it was given, was that "the beneficiaries herein shall furnish to the trustee a bond," etc. If any promises were made to defendant and his fellow surety McNamee to induce them to assume the full burden of these bonds, instead of their being joined in by all the remaining members of the syndicate, these promises may be enforced in any appropriate form. But the giving of these bonds no more affected the status of Gagnon as a sales agent, or changed the nature of his tenure, than they served to confer such a status upon his fellow surety McNamee. As to defendant's rights to damages asked for in his cross-complaint, he clearly was not entitled to recover, because of the execution of the bonds upon which he had become a surety, as he had not at the time been held to liability thereunder. As to the other damages asked for and denied him, the adverse finding had evidence to support it. Under such circumstances, we will not disturb it.

The judgment is affirmed.

Finch, P. J., and Plummer, J., concurred.