[Civ. No. 8240. Second Appellate District, Division Two.—May 16, 1934.]

ANDREI G. FREESE, Appellant, v. UNION AUTOMOBILE INSURANCE COMPANY (a Corporation) et al., Respondents.

Hiram T. Kellogg for Appellant.

W. I. Gilbert for Respondents.

DESMOND, J.—Appeal from a judgment of nonsuit. Plaintiff in a jury trial had obtained a judgment of approximately $4,000 against Raymond Leomazzi, driver of an automobile which collided with another in which plaintiff was ·riding. To recover the amount of this judgment she brought suit against Union Automobile Insurance Company

and others, and after resting her case defendants' attorney moved for a nonsuit "for the reason the testimony is wholly insufficient in law to establish a cause of action".

In *Miller* v. *Luco*, 80 Cal. 257 [22 Pac. 195], the ground stated for a nonsuit was very similar, namely, "that plaintiffs had failed to prove a sufficient case", and the court there said: "It is settled law in this state that a party moving for a nonsuit should state in his motion precisely the ground on which he relied, so that the attention of the court and opposite counsel may be particularly directed to the supposed defects in the plaintiff's case." In 9 California Jurisprudence, at page 548, we find the following: "It is the settled law that a motion for nonsuit must point the attention of the court and counsel to the precise grounds upon which it is made. . . . When specifying the grounds of the motion it is not sufficient to state generally that there is no evidence before the court justifying it in granting any relief to the plaintiff, or that plaintiff has failed to prove a sufficient case. The motion must show wherein the plaintiff failed to prove his case or why he is not entitled to recover."

Passing this well-grounded objection to the granting of the nonsuit, we have examined the transcripts and considered the briefs before us. Under the familiar rules governing the consideration of motions for nonsuit (9 Cal. Jur. 551), we feel that the evidence submitted by plaintiff, in the form of oral testimony by Raymond and Donald Leomazzi, together with the judgment-roll in the damage action and copy of the insurance policy which was issued to the latter covering the operation of the automobile involved in the collision, raised certain questions that should have gone to the jury.

Judgment reversed.

Stephens, P. J., and Scott, J., *pro tem.*, concurred.