12  301
87  624

## HUNT *v.* WATERMAN *et al.*

A vendor's lien does not exist in this State, where a mortgage security is taken for the purchase money. The silent lien of the vendor is extinguished, whenever he manifests an intention to abandon or not to look to it. And this intention is manifested by taking other and independent security upon the same land, or a portion of it, or on other land.

The fact that such mortgage is defective, does not revive the lien, as it is the intention of the vendor which controls, and this is as well shown by an informal act as one properly done.

A general averment in the complaint—to enforce the vendor's lien—that the mortgage is defective as a security, is not sufficient to withdraw the case from the general rules above stated.

APPEAL from the Eleventh District, County of El Dorado.

This was a bill filed in the Court below, for the enforcement of a vendor's lien to a quartz lode.

The facts as disclosed by the opinion of the Court, are as follows :

In this case the plaintiff seeks to enforce a vendor's lien for the purchase money of a certain quartz vein sold by the plaintiff to the defendant, and charges that the other defendants are purchasers of the prop-

erty from Waterman, with notice of this indebtedness.    The bill shows that the plaintiff took a mortgage on this property for the payment of this purchase money, but avers that by reason of some defect in the deed or acknowledgement, it is not available as a security for the plaintiff's debt.    It is not very clear whether the plaintiff meant to rest his claim for relief on the mortgage or on the vendor's lien, or on both.    But, from the bill, demurrer and decree, we take it that he abandoned the notion of the validity of the mortgage, and relies on the vendor's lien.

The decree is for the enforcement of the parol or tacit lien.    Defendants appealed to this Court.

*John Hume* for Appellants.

*First.* It appears from the complaint, that at the time of the sale to Waterman, plaintiff took from him a mortgage to secure all the unpaid purchase money.    That the taking of said mortgage was a waiver of a vendor's lien.    That if no vendor's lien existed, he has shown no cause of action against the defendants appearing in this suit.

*Second.* That the vendor's lien was equally waived in this case, whether the mortgage was properly acknowledged or not, as the taking and recording the mortgage showed an intention to rely upon the mortgage, and not upon the vendor's lien.

In regard to the first point, the American rule as to what will be regarded as a waiver of a vendor's lien, is very clearly and fully laid down, as follows : "A lien will be considered as waived whenever any distinct and independent security is taken, whether by mortgage of other lands, or pledge of goods, or personal responsibility of a third person, and also when a security is taken upon the land either for the whole or a part of the unpaid purchase money, unless there is an express agreement that the implied lien shall be retained."    *Vide* Leading Cases in Equity, vol. 1, pages 272, 273 ; 4 Kent, 151 to 153, 3d ed. ; Fish *v.* Howland, 1 Paige, 20 to 30 ; Cole *v.* Scott, 2 Wash. 141 ; Gilman *v.* Brown, 1 Mason, 192, 221 ; Little *v.* Brown, 2 Leigh's Rep. 383 ; Conover *v.* Warren, 1 Gilman, 498 ; Wilson *et al. v.* Graham *et al.*, 5 Munf. 297.

It appears from the complaint in this case, that a mortgage for the

Hunt *v.* Waterman.

unpaid purchase money was taken by plaintiff, and by him caused to be recorded, which was a waiver of the vendor's lien, and notice to subsequent purchasers of such waiver ; and that plaintiff relied upon the mortgage, also of the time of payment of the money.

An unacknowledged or recorded mortgage is a higher security than a vendor's lien.    ( *Vide* Leading Cases in Equity, vol. 1, page 280 ; Gilman *v.* Brown *et al.*, 1 Mason, 192, 221.)    Neither are good as to subsequent purchasers without notice ; both are good between the parties.    But the unacknowledged mortgage is the higher security, being a lien by express contract, while the other " is a right which has no existence until it is established by the decree of a Court in the particular case."    Gilman *v.* Brown, 1 Mason, 192.

" There being a higher security, the taking of it will be a merger, waiver, or extinguishment of the lower security upon the same property, *expressum facit cessare tacitum.*"    Little *v.* Brown, 2 Leigh, 283.

" When, by the express agreement of the parties, there is a lien upon the estate for a part of the consideration of the conveyance, it excludes the idea of an implied lien for the residue."    Fish *v.* Howland, 1 Paige, 31.

Again, any conduct which shows an intention on the part of the vendor to give up the lien, will be a bar to its prosecution. Leading Cases in Equity, vol. 1, page 273 ; Fowle *v.* Rust's Heirs, 2 Marshall, 294 ; Clark *v.* Hunt, 3 J. J. Marshall, 553.

In this case there can be no question about the intention of the vendor to secure his debt by mortgage, which if it had done, would have been a waiver of the vendor's lien. He expressly alleges in his complaint, that he took the notes and mortgage therein mentioned to secure the purchase money unpaid ; that he filed the same with the County Recorder, and procured the same to be recorded.    An intention then to rely upon the mortgage was, at the time of the execution thereof, a waiver of the vendor's lien.

If the vendor shall have since found that his mortgage was not executed in accordance with the provisions of the registry laws of this State, still, having once relied upon it, and thus waived his lien, he cannot now go back and restore the lien.    The lien once waived is gone forever.    When the party has by his own act shown his intention

to abandon one security for a better, he cannot afterwards ask a Court of Equity to repair his errors, and restore him to rights which he has lost by his own acts.   No man can take advantage of his own wrong, carelessness or negligence, nor will a Court of Equity interfere to relieve him from the just consequences of the same.   If there was any defect in the acknowledgment or execution of the mortgage, which would prevent it from being considered notice to third persons, the vendor should not have taken it.   It was his duty to see that it was properly executed.   That some kind of acknowledgment was added to the instrument is certain, because otherwise it could not have gone to record.

*Thos. H. Hewes* for Respondent.

In respect to the allegations in the complaint relative to the mortgage, we say, that it does not appear therefrom that a mortgage was in fact taken.

The complaint speaks of it as a " pretended mortgage," which the " defendants claim to be invalid," etc.   It virtually asserts that the mortgage constituted no lien, and the defendants admit the correctness of the assertion.

To avoid any question upon the validity of the mortgage, we relied upon the " equitable mortgage," or lien as vendor, held by us ; and in so doing, we think we have done no act of which the defendants can complain.   Their rights are in no manner changed or impaired.   But conceding the validity of the mortgage, did we thereby abandon our vendor's lien ?

This question is passed upon in Boos *v.* Ewing, 17 Ohio Rep. 500. The facts in that case are very similar to those in this case.   The authorities in that case are carefully reviewed, the question elaborately discussed both by Court and counsel, and to their reasoning and argument we respectfully direct the attention of this Court.   The decision in that case is directly in point and in our favor.

BALDWIN, J., delivered the opinion of the Court—TERRY, C. J., and FIELD, J., concurring.

The question in this case is directly presented, whether, in this

State, a vendor's lien exists when a mortgage security is taken for the purchase money.   The decisions of the various Courts have been numerous on this branch of jurisprudence, and are not harmonious. The better rule, supported by the weight and number of the authorities, is to hold the silent lien of the vendor extinguished, whenever the vendor manifests an intention to abandon or not to look to it ; and it is held that he does this whenever he takes other and independent security upon the same land, or a portion of the same land, or on other land.   When he looks to other security he loses this tacit lien. Brown *v.* Gilman, 4 Wheat. 290 ; 1 Mason, 212 ; Fisk *v.* Howland, 1 Paige Ch. R. 20, where the authorities, English and American, are fully reviewed.

The editor of *Leading Cases in Equity*, reviewing the case of Macreth *v.* Simmons, (15 Vesey, 350) cites and reviews a very great number of cases which decide and discuss the general doctrine, and this particular point.   The case of Boos *v.* Ewing, (17 Ohio, 521) cited by respondent, seems to be the other way, and is noticed by the editor as a case opposed to the general current of decision.

The fact, if we regard the averment of the bill as properly stating it, that the mortgage was defective in itself, or its acknowledgment, does not help the plaintiff.   For, as we have seen, the question is as to the intention of the vendor, which is as well shown by an informal act as one regularly done.   If the mortgage was properly executed, it may be enforced, of course ; but the whole case seems to rest here on the validity of the vendor's lien.   It is not stated how, or in what, the mortgage was defective, and this general and loose averment is not sufficient to withdraw the case from the influence of the general rule we have announced.

That the case may be fairly tried upon its merits, in view of the law as we have held it to be, the decree is reversed, and the cause remanded for further proceedings on another trial.