[No. 9490. In Bank. —November 5, 1887.]

CLINTON C. TRIPP, RESPONDENT, v. CHARLES P.
DUANE ET AL. CHARLES P. DUANE, APPELLANT.

QUIETING TITLE — JUDGMENT. — The judgment in the present action construed, and *held*, to quiet the title of the plaintiff, as against the appellant, to only an undivided thirty-three ninety-sixths of the premises described in the complaint.

ID. — QUIETING TITLE TO UNDIVIDED INTEREST. — In an action to quiet title, a defendant against whom the plaintiff's title is properly quieted, to an undivided interest in the premises, cannot object on an appeal taken by himself alone, that the decree, as against other defendants not appealing, quieted the plaintiff's title to a greater extent.

TRUST — ADVANCE OF PURCHASE PRICE OF LAND — TAKING TRUST DEED WAIVES IMPLIED TRUST. — No implied trust is created in favor of a person advancing the consideration for the purchase of land, the deed of which is taken in the name of another, when the person making the advance takes from the grantee a deed creating an express trust in the land as security for the advancement.

ID. — DEED BY PERSON NOT OWNER — SUBSEQUENTLY ACQUIRED TITLE. — The action was brought to quiet title to an undivided interest in certain land. The plaintiff claims title under deeds of grant, bargain, and sale, executed by one Ellis. At the time of the execution of such deeds Ellis was not the owner of the lands, the title then being in the state. Subsequently Ellis purchased the land from the state, taking the deed therefor in his own name. The consideration for the purchase was advanced by a third person, to whom Ellis executed a deed of trust of his interest in the land to secure him for the advance. *Held*, that no implied trust was created in favor of the person making the advance, and that the plaintiff was entitled to have his title quieted against those claiming under the trust deed, without paying any portion of the amount advanced.

APPEAL from an order of the Superior Court of the city and county of San Francisco refusing a new trial.

The action was brought to quiet title to an undivided interest in certain land. The agreement referred to in the opinion, as contained in folios 109 to 113 of the transcript, is as follows:—

"We, George W. Ellis, Creed Haymond, and C. P. Duane, hereby grant, bargain, sell, and convey unto William H. Patterson all the estate, title, and interest which we either and all of us now have, or may hereafter acquire, of,

in, and to the land described, and intended to be described, in a certain so-called pre-emption claim or pre-emption notice, record whereof is contained in the land records of the city and county of San Francisco, in liber B of Miscellaneous Deeds, page 665; and also all the lands described in two certain deeds made by the tide-land commissioners to G. W. Ellis, and bearing date November 24, 1875. This conveyance is in trust to secure the payment of four thousand dollars due to said Patterson from the said Ellis, two thousand dollars due from the said Haymond to said Patterson, and two thousand dollars from the said Duane to the said Patterson, and payable in United States gold coin, with interest at the rate of one and one half per cent per month, and payable on or before sixty days from the date thereof. The said Patterson to have full possession and control of said land, and the absolute power of disposition of said land for the purposes of the trust, if such payments are not made at or before sixty days from the date hereof. Such disposition is to be made upon one week's notice in any daily paper published in the city and county of San Francisco. Upon the payment of the whole of said sum of eight thousand dollars and interest, the said Patterson is to reconvey said land; or upon the payment by the said Ellis of the sum of four thousand dollars and interest, he will reconvey one half of said property to said Ellis; or upon the payment of two thousand dollars and interest, by said Haymond, he will reconvey to said Haymond one fourth thereof; or upon the payment of two thousand dollars and interest, by said Duane, to reconvey one fourth of said property to said Duane.

"Witness our hands and seals this thirtieth day of November, 1875.

|  |  |
|---|---|
| "Geo. W. Ellis. | [Seal.] |
| "Creed Haymond | [Seal.] |
| "C. P. Duane. | [Seal.] |
| "Wm. H. Patterson." | [Seal.] |

The further facts are stated in the opinion of the court.

*Tyler & Tyler,* and *E. D. Wheeler,* for Appellant.

*Philip G. Galpin,* for Respondent.

SEARLS, C. J. — This is an action by plaintiff to quiet his title to thirty-three ninety-sixths of the real estate described in the complaint.

In 1853 George W. Ellis filed in the recorder's office of the city and county of San Francisco a pre-emption claim on one hundred and sixty acres of salt-marsh and tide-land belonging to the state of California.

Between that time and October 21, 1875, said Ellis executed to different parties bargain and sale deeds of undivided portions of said claim, amounting in the aggregate to thirty-three ninety-sixths of the whole claim, and the grantees of said undivided interest conveyed by good and sufficient deeds the same to plaintiff prior to October 21, 1875, which deeds were all recorded prior to that date.

On the 24th of November, 1875, the state of California made its deed to Ellis of the lands described in the complaint, the same being a portion only of the land described in Ellis's pre-emption claim.

Plaintiff claims title to thirty-three ninety-sixths of the land described in the complaint, by reason of said pre-emption claim of Ellis, and the deed from the state to Ellis of date November 24, 1875.

When the deed from the state to Ellis was ready for delivery, Ellis had no money, and eight thousand dollars had to be paid to the state before the deed would be delivered, and thereupon defendant Ellis applied to W. H. Patterson to advance the eight thousand dollars to the state for the purchase-money of the land, and take the land as security for its repayment.

Thereupon Ellis, Duane, and Haymond executed to Patterson the paper found at folios 109 to 113, both inclusive, and Patterson paid the eight thousand dollars

purchase-money, received the deed from the state to Ellis, and had the same recorded.

The eight thousand dollars not having been paid in sixty days, as provided in the instrument, nor any part thereof, W. H. Patterson deeded to Morrissey, and Morrissey to Duane, "all the right, title, and interest which said Patterson derived in said land by virtue of the deed of Ellis *et al.* to him, of date November 30, 1875," without advertising such sale for sixty days, so as to free said real estate from the trust under which Patterson held the land, which said deeds were immediately recorded.

At the commencement of this suit, neither the plaintiff nor Ellis had paid Patterson or Duane any portion of said eight thousand dollars, the purchase-money of said land so paid by said Patterson to the state, and plaintiff sought in his complaint to quiet his title to thirty-three ninety-sixths of said land, without paying or offering to pay to Patterson or to Duane any portion of the said purchase-money.

The paper from Ellis, Duane, and Haymond to Patterson, as above mentioned, was a conveyance to the latter of all the estate of the former in the land in question, in trust, to secure the payment of the eight thousand dollars, with interest, and payable in sixty days from November 30, 1875, the date thereof, and if not paid, Patterson was authorized to sell the property after one week's notice in any daily paper published in the city and county of San Francisco.

The conveyance by Patterson to Morrissey was made after the expiration of the sixty days, but without the notice prescribed, was without consideration, and was executed by Patterson in his own name, and not as a trustee. The deed from Morrissey to Duane was also without consideration.

After the defendant Duane had filed his amended answer in the case, the interest of Patterson in the trust deed was duly sold, as provided for in that instrument,

and was purchased by the plaintiff herein, who thereupon applied to the court for leave to file a supplemental complaint setting up those facts, which was refused by the court as to Duane and granted as to the other defendants.

Upon the trial of this case, the plaintiff offered the deposition of W. H. Patterson in evidence, to prove the facts contained in the supplemental complaint he had filed. Defendant Duane objected, upon the ground that all these matters thus sought to be proved occurred after the joining of issue in this case, and therefore the testimony was incompetent, irrelevant, and immaterial, and that no supplemental complaint had been filed so far as Duane was concerned.

The court did not admit the testimony at the time, but reserved its ruling.

Before the court decided the case, it read and considered the deposition of Patterson, which had not been admitted in evidence or read, and based in part its finding and decree thereon, and ruled and decided that defendant Duane had no right, title, or interest in the land claimed by plaintiff in his original complaint, viz., thirty-three ninety-sixths of the premises described, and quieted plaintiff's title thereto, and to the whole of it as against the other defendants.

Defendant Duane alone appeals from an order denying a new trial, and makes the following points:—

1. The court erred in quieting the plaintiff's title to the whole of the real estate described in the complaint, when he only sues to quiet his title to thirty-three ninety-sixths of the same.

2. The court erred in ruling that plaintiff was entitled to maintain this action without paying or offering to pay thirty-three ninety-sixths of the purchase-money of the land paid by Patterson, and in ruling that defendant Duane had no title or interest in the land.

3. The court erred in reading and considering the evi-

dence not admitted at the trial, and basing its findings and decree thereon.

The answer to the first point is, that, as against appellant Duane, the court did not quiet the plaintiff's title to but thirty-three ninety-sixths of the premises.

This is what plaintiff demanded against said defendant in his complaint. The court found as a fact that "the plaintiff, at the commencement of this action, was seised in fee of thirty-three ninety-sixths of said title to said premises."

As a conclusion of law, it was found,—

"1. That, at the commencement of this action, the plaintiff was seised of thirty-three ninety-sixths of the premises described in the complaint, and is entitled to the relief prayed for in his complaint against the defendants Charles P. Duane and H. H. Judson, as far as thirty-three ninety-sixths is concerned."

The decree follows the findings, and decrees "that, at the commencement of this action, the plaintiff was, and now is, seised in fee of thirty-three ninety-sixths of the premises described in the complaint; . . . . that the defendants Charles P. Duane and H. H. Judson have, nor have either of them, any right, title of claim thereto, and that the title of the said plaintiff thereto be and the same is quieted, as against the claim of each of said defendants; and each of said defendants is . . . . restrained from bringing any action . . . . against said plaintiff . . . . in regard to his title or possession of said thirty-three ninety-sixths of said premises."

When the court decrees that defendants Duane and Judson have no title thereto, it must, by every rational rule of construction, be held to apply to the thirty-three ninety-sixths part decreed to belong to plaintiff.

The title to the remaining sixty-three ninety-sixths of the tract of land was not in any way in issue as between plaintiff and Duane, and this action does not settle, or, as we construe it, purport to settle it.

The fact that, as against the other defendants, between whom and plaintiff the merits of the supplemental complaint were considered, the findings and decree went beyond the thirty-three ninety-sixths, cannot alter the *status* of the case as to plaintiff and Duane.

The next error assigned is based upon the action of the court in quieting the title of plaintiff to thirty-three ninety-sixths of the property without requiring him to pay thirty-three ninety-sixths of the sum of eight thousand dollars, and interest, advanced by Patterson to pay for the land and procure the title from the state.

It may be stated generally that where one person pays the consideration money for the purchase of land, and the conveyance is made to another, the latter holds the title in trust for the person who pays the consideration. (2 Story's Eq. Jur., sec. 1201; *Hidden* v. *Jordan*, 21 Cal. 99; *Bayles* v. *Baxter*, 22 Cal. 575; *Millard* v. *Hathaway*, 27 Cal. 119; Civ. Code, sec. 853.)

The trust thus raised is implied by law, is a resulting trust, and may be proved by parol. (*Roberts* v. *Ware*, 40 Cal. 637.) These implied or resulting trusts cannot prejudice the rights of purchasers or encumbrancers of real property for value, and without notice of the trust. (Civ. Code, sec. 856.)

In *Leggett* v. *Dubois*, 5 Paige, 117, 78 Am. Dec. 413, it was said: "A resulting trust is the mere creature of equity, as a resulting use is of law; and it cannot, therefore, arise where there is an express trust declared by the parties, and evidenced by a written declaration of such express trust."

So, too, a vendor of real estate has a lien on the land sold for the purchase-money, unless he has taken security for his payment, though he has executed the conveyance. (*Salmon* v. *Hoffman*, 2 Cal. 138; 56 Am. Dec. 322; *Hill* v. *Grigsby*, 32 Cal. 55; *Baum* v. *Grigsby*, 21 Cal. 172; 81 Am. Dec. 153; *Sparks* v. *Hess*, 15 Cal. 186; *Williams* v. *Young*, 21 Cal. 227.)

But this lien which arises in equity is waived by taking
a mortgage to secure the purchase-money. The silent
lien of the vendor is extinguished whenever he manifests
an intention to abandon or not to look to it; and in
*Hunt* v. *Waterman*, 12 Cal. 301, it was said this intention
is manifested by taking other and independent security
upon the same land, or a portion of it, or upon other
land. (See also *Camden* v. *Vail*, 23 Cal. 633; and *Rem-
ington* v. *Higgins*, 54 Cal. 620.)

We refer to the doctrine and cases in relation to
the lien of vendors of real estate, because they depend
upon the same principle, raise the same implied trust,
and are subject to most of the same rules, with like
trusts, arising from the advancement of the purchase-
money for land, where the deed is taken in the name of
another. The case then stands in this wise: Ellis had
conveyed to others, by deeds of bargain and sale pur-
porting to convey the legal title, under whom plaintiff
held by like conveyances, thirty-three ninety-sixths of
the land, and the conveyances were duly recorded. The
legal title was as yet in the state, but would pass by
operation of law from Ellis to Tripp to the extent of
thirty-three ninety-sixths whenever procured by the
former. Under these circumstances, Patterson advanced
eight thousand dollars to Ellis to pay to the state the
purchase price of the land; and it was so paid, and the
patent issued to Ellis.

Had Patterson stopped here, equity would have raised
an implied trust in his favor to the extent of the money
advanced, and as against the interest of the owners to
the extent of the benefits received.

But this would have been an equitable lien raised by
operation of law, and could be waived by taking a deed
of trust from Ellis, Duane, and Haymond for their in-
terest in the land as security for the money advanced.
Patterson must be presumed to have waived his implied
lien upon that portion of the land previously conveyed

by Ellis as aforesaid; and there appearing nothing in the record to rebut this presumption of waiver, the implied equitable lien does not exist, and Patterson must be remitted to the relief afforded by his deed of trust.

It follows that as there was no lien upon the thirty-three ninety-sixths interest in the land held by Tripp, he was under no obligation, legal or equitable, to pay any portion of the eight thousand dollars as a condition to the quieting of his title to the thirty-three ninety-sixths of the land.

The deposition of Patterson was admissible in evidence in favor of plaintiff, and against the other defendants than Duane. As against them, there were issues, no doubt, under his supplemental complaint, in which he claimed or appears to have succeeded to the rights of Patterson. The deposition was to the effect that since suit brought Tripp had paid Patterson the eight thousand dollars and interest, and thereupon the court so found; all of which, as against the other defendants, was entirely proper.

It is apparent that the court was of opinion that, as against the thirty-three ninety-sixths interest held by Tripp, and decreed to him, no payment of the eight thousand dollars was necessary. Indeed, the bill of exceptions expressly states that "the only points relied upon by defendant Duane on this motion was the error of the court in granting the relief prayed for in the complaint to plaintiff, without his paying, or offering to pay, thirty-three ninety-sixths of the purchase-money paid to the state by Patterson for the title to the property, either to Patterson or his assignee, and the error of the court in considering evidence not admitted upon the trial."

It does not appear affirmatively from the bill of exceptions that the testimony of Patterson was used as against Duane; but if it be conceded that it was, it was simply immaterial testimony. We are of opinion plaintiff was not bound to pay the eight thousand dollars, or

any part of it; and proof that he did so cannot weaken his right.

Holding, then, as we do, that any interest which Duane may have in the remaining sixty-three ninety-sixths of the premises in question is not affected by the proceedings or decree in this action, and that as to the thirty-three ninety-sixths thereof the title was properly quieted in plaintiff Tripp. The order appealed from is affirmed.

TEMPLE, J., McFARLAND, J., SHARPSTEIN, J., McKINSTRY, J., and THORNTON, J., concurred.