[Civ. No. 1415.   Third Appellate District.—October 7, 1916.]

## JOE MATH, Respondent, v. CRESCENT HILL GOLD MINES CO. OF CALIFORNIA (a Corporation), Appellant.

ACTION FOR SERVICES—CROSS-COMPLAINT FOR MONEY LOANED AND GOODS SOLD—FAILURE TO FIND ON ISSUE—REVERSAL OF JUDGMENT. Where in an action to recover for services performed in working a mine, the defendant filed a cross-complaint alleging an indebtedness to him for money loaned and goods sold, and the plaintiff in his answer to such pleading denied the indebtedness, and evidence was admitted on such issue, a finding thereon was essential, and where omitted, the judgment must be reversed on appeal.

ID.—FINDINGS—MATERIAL ISSUE—APPEAL.—A judgment will be reversed on appeal where there is a failure to make a finding on a material issue.

APPEAL from a judgment of the Superior Court of Plumas County, and from an order denying a new trial. J. O. Moncur, Judge.

The facts are stated in the opinion of the court.

J. D. McLoughlin, and L. N. Peter, for Appellant.

L. H. Hughes, for Respondent.

HART, J.—An opinion affirming the judgment and the order appealed from in this action was filed by this court on June 19, 1916. A rehearing was within due time granted on the petition of the appellant for the reason, as stated in the order granting the rehearing, that the petition called "attention to some evidence that seems to have been overlooked when the case was decided." The former opinion contained the following statement of the facts and the issues as the same are presented in the pleadings of the respective parties:

"Plaintiff worked as a miner for defendant, at its mine in Plumas county, from February 15, 1912, to October 28, 1913, a total of six hundred days. In the first cause of action set up in the complaint it is alleged that plaintiff entered into an agreement with defendant whereby the former was to

work as a miner at the rate of $3.50 per day, 'and as a part of said agreement it was understood and agreed between plaintiff and defendant that if plaintiff refrained from demanding any pay for his said services until a sufficient amount of money had been realized from the proceeds of said mine for that purpose, the defendant would pay plaintiff double the amount of his said wages, to wit, the sum of seven dollars per day.' It is then alleged that said mine 'did on or before the said twenty-eighth day of October, 1913, produce and yield to defendant a sufficient sum of money as the proceeds thereof to pay the said plaintiff for his said labor at the rate of seven dollars per day for the period of his employment as aforesaid.' It is also alleged that a demand was made by plaintiff on defendant for a statement of the earnings and proceeds of the mine and for payment of the amount due, but that defendant refused to comply with said demands. The receipt of $75 on account is admitted and judgment is asked for $4,125.

"The second cause of action sets up the employment of plaintiff and his rendition of labor for six hundred days and 'that said services were and are reasonably worth $3.50 per day'; that no part thereof has been paid except the sum of $75.00, and judgment is demanded in the sum of $2,025.

"A demurrer to the complaint, generally and for ambiguity, uncertainty and unintelligibility, was overruled and defendant answered: Admitted an agreement with plaintiff whereby he was to work for defendant, but denies that it was as set out in the complaint; admitted that plaintiff performed six hundred days' labor 'but denies that defendant was to pay for such work or labor, or that the plaintiff was working for defendant'; denied that the mine yielded to defendant 'a sufficient sum of money as the proceeds thereof to pay plaintiff for his said labor at the rate of seven dollars per day, or any other sum, or at all for his said labor'; admitted plaintiff's demand for a statement but avers that defendant 'could not understand what kind of statement was expected to be furnished to plaintiff; defendant demanded of plaintiff that he make his demand in writing so that defendant would be enabled to comply with plaintiff's demand, but defendant denies that a statement of the moneys paid and yielded to defendant by and from the operation of the said mine . . . was refused plaintiff, or that defendant does now

continue to refuse to furnish such statement to plaintiff; admitted that no payment was made plaintiff and alleged that none is due.

"As 'a further defense and answer,' defendant 'alleges that plaintiff was not in the employ of the defendant at any time or at all between the nineteenth day of February, 1912, and the twenty-eighth day of October, 1913, and alleges further that plaintiff with others was working in the said . . . mine, and was to receive as compensation for his said labor and work, his *pro rata* of the net profits derived from the mining and milling of the ores mined by them . . . up to the sum of seven dollars per day.'

"Answering the second cause of action, defendant denied the employment of plaintiff or that he rendered work to defendant, and repeated the allegation that plaintiff and others were to receive a *pro rata* of the net profits; admitted that plaintiff was paid nothing by defendant.

"A cross-complaint sets up an indebtedness by plaintiff to defendant for money loaned and goods and merchandise furnished, of the value of $98.20, and judgment is prayed against plaintiff for that amount. In an 'Answer to Amendment,' defendant denied that $75 was paid plaintiff as wages, but alleged that said sum was a loan.

"Findings were filed: That plaintiff performed six hundred days' labor for defendant under an agreement that 'plaintiff should receive for his said services the sum of $3.50 per day and to pay for his board the sum of $1 per day and if plaintiff refrained from demanding pay for his said services until an amount of money sufficient to meet the sum had been realized from the proceeds of the operation of said mine, that plaintiff should receive the sum of $7 per day, less the said amount for board; that there was not received from the operation of said mine a sufficient amount of money to pay plaintiff for his said work; that plaintiff is entitled to receive $3.50 per day for six hundred days; that defendant is entitled to credit for $75 advanced to plaintiff; that defendant is entitled to credit for board for 616 days at $1 per day,' and judgment was rendered for plaintiff in the sum of $1,409.

"The appeal is from the judgment and from an order denying defendant's motion for a new trial."

Counsel for the appellant vigorously contend in their petition for a rehearing, as likewise they argue in their briefs originally filed herein, that the only permissible conclusion from the testimony of the plaintiff himself was that the agreement upon which he relies here for a recovery does not require the defendant to pay him any compensation whatever until the money was taken from the mine "and in case of failure to take it from the mine he would get $3.50 per day, and that before he could claim the latter amount he would have to allege and prove some misconduct on the part of the defendant or that the mine had failed to produce the money within a reasonable time." And it is further asserted that upon the question of what is "reasonable time," no issue was tendered by the complaint nor evidence offered or received.

The agreement not having been reduced to writing, its terms must necessarily be learned and the intention of the parties as to its nature, scope, and effect necessarily ascertained from the evidence. We have, upon further consideration of the record, concluded that, for a reason to be hereafter explained, the judgment must be reversed. While it may technically be true that there is evidence in the record which supports the trial court's conception of the agreement, as evidenced by its findings, still, on the whole, the evidence as to the nature of the agreement or upon the question of what the parties actually intended should be the precise occasion on which the plaintiff would be entitled to demand and receive pay for his services at the rate of $3.50 per day is, as the learned trial judge in his written opinion, giving his reasons for the conclusion reached, in effect declared, unsatisfactory, and it appears to us to be so much so that, since the judgment must be reversed, a retrial of the issues of fact should be had, in which event the facts bearing upon the transaction may, it is to be hoped, the more clearly and satisfactorily be disclosed. It will, therefore, be unnecessary for us to consider in detail the evidence in this opinion.

As to the criticism of the plaintiff's complaint, however, it is proper that we should say that, it being alleged in the first count or cause of action therein stated that the mine "did, on or before the twenty-eighth day of October, 1913, produce and yield to defendant a sufficient sum of money as the proceeds thereof to pay the said plaintiff for his said

640 Math v. Crescent Hill Gold Mines Co. [31 Cal. App.

labor at the rate of $7 per day for the period of his employment," it was obviously unnecessary to plead therein that the mine had failed, within a reasonable time, to produce the money with which to pay the plaintiff, assuming that it is true that the understanding between the parties was that the plaintiff was entitled to the payment of no compensation whatever until the mine did produce the money required to make such payment. Nor was it necessary to plead the matter as to "reasonable time" in the second cause of action, which was cast in the form of a common count, upon a *quantum meruit*. To have done so would have necessitated the pleading of the express agreement almost in its entirety—that is to say, it would have been necessary to plead not only the agreement to employ the plaintiff (which necessarily is pleaded in said count), but also the condition upon which he would be entitled to demand and receive his compensation. This, it seems to us, would have been inconsistent with the essential theory upon which an action on an implied contract proceeds.

The plaintiff, in his second cause of action, proceeded precisely as is required where the action is in the *quantum meruit* form of a common count, and in such case the defendant is entitled to interpose any defense, which, if proved, will countervail the claim of the plaintiff that any sum is due and owing to him from the defendant as the "reasonable value" of services alleged to have been performed. In this case, either with or without pleading it, the question of "reasonable time" could have been introduced by the defendant as a defense to the second cause of action. In other words, the actual agreement between the parties, as the defendant understood it, could have been shown by the latter, without pleading such agreement, as a defense to the plaintiff's claim, as set forth in said cause of action, that the defendant was indebted to him in a sum representing the reasonable value of the alleged services rendered by him to and for the defendant.

As above stated, however, it will be necessary to order a reversal of the judgment, and this for the reason that the court failed to make a finding upon a material issue.

As seen, the defendant filed a cross-complaint in which it is alleged that the plaintiff is indebted to the defendant for money loaned and for goods and merchandise furnished and

delivered to the plaintiff, at the latter's special instance and request, in the sum of $98.20. In his answer to the cross-complaint, the plaintiff denied the indebtedness so alleged.

There was some testimony supporting the above-mentioned allegation of the cross-complaint, and it was this evidence that this court said in the order granting the rehearing had been overlooked in the preparation of the former opinion.

The plaintiff himself testified that the defendant, through Mr. Oddie, its president and manager, had furnished him a bill of groceries, etc., amounting in value to the sum of $80, for which he had not paid. The court made no finding upon this issue.

It is, of course, well settled that if any material issue is left unfound, it is ground for reversal of the judgment. (Hayne on New Trial and Appeal, Rev. ed., p. 1317.)

For the reasons herein stated, both the judgment and the order are reversed and the cause remanded.

Chipman, P. J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 14, 1916.