[Civ. No. 2538. First Appellate District.—October 10, 1918.]

PATRICK KEOHANE, as Administrator, etc., Respondent, v. BESSIE KEOHANE et al., Appellants.

ACTION TO SET ASIDE DEED—SECURITY FOR PRIOR LOAN—ALLEGED FRAUD—EVIDENCE.—In an action by an administrator to set aside, as fraudulent, a deed made by the intestate to his brother, evidence to the effect that the decedent, fearing that his wife might commence a divorce suit and involve the property in litigation, executed the deed to secure his brother for advances theretofore made, does not establish that the transaction was fraudulent.

ID.—FAILURE TO FIND ON MATERIAL ISSUE.—Where in such case, the plaintiff claimed title by adverse possession, acquired after the making of the deed to the brother, and also that such deed had not been delivered, and the court found in favor of the plaintiff on those issues, the failure of the court to find on an issue set up by the de-

fense that the brother had bought the property from the decedent was error necessitating a reversal of the judgment, since, if the brother did in fact pay the decedent for a conveyance of the property, notwithstanding the other findings in plaintiff's favor, he would not be entitled to a decree quieting title without repayment of the consideration.

QUIETING TITLE—EQUITY—RELIEF.—A party seeking to quiet his title to realty or to remove a cloud thereon, will, as a condition precedent to the relief, be compelled to do equity.

ATTORNEY AND CLIENT—PRIVILEGED COMMUNICATION.—A statement made to an attorney with the express intention that it is to be communicated to another is not privileged.

ID.—EVIDENCE—EXECUTION OF DEED.—An attorney who acts as a conduit, through which a deed is executed, may testify as to the circumstances attending its execution.

APPEAL from a judgment of the Superior Court of Contra Costa County. R. H. Latimer, Judge.

The facts are stated in the opinion of the court.

Milton Newmark, for Appellants.

T. H. De Lap, F. J. Kierce, and Walter Christie, for Respondent.

LENNON, P. J.—In an action brought by plaintiff, as administrator of the estate of a deceased grantor, against defendants, as heirs at law of a deceased grantee, to set aside a deed and to quiet title, judgment went in favor of the plaintiff. Defendants appeal from the judgment.

Bart Keohane, while vested with the title and in possession of certain real property, located at Stege, California, made, in 1908, a deed thereto in favor of his brother, John Keohane, who was then residing at San Francisco. John died intestate in 1913. Bart died intestate in 1915. Thereafter the administrator of the estate of Bart commenced the present action against the widow and minor children of John as his heirs at law to quiet title to said property. The complaint alleged nondelivery of the deed, lack of consideration, and title to the property by adverse possession, which allegations were denied in the answer. The trial court found in favor of the plaintiff on the issues of adverse possession

and nondelivery of the deed, but failed to find on the issue of lack of consideration.

From the evidence it appears in part that in the month of June, 1908, Bart Keohane was apprehensive that his wife might institute a suit against him for divorce which might involve the real property in controversy in the present action, and desiring to secure his brother, John, who had theretofore loaned him some money, from the possible consequences of such litigation, Bart made the deed in question. Thereafter, and until the time of his death, he remained in possession of the property and conducted a business thereon. A few months after the purported deed was made Bart borrowed the sum of one thousand eight hundred dollars and gave therefor his promissory note secured by a mortgage on this property executed by himself and John and their respective wives. Bart repaid this loan with the interest thereon. He at all times paid the taxes levied upon the property, and also all premiums for fire insurance thereon. After making the deed above mentioned he caused extensive improvements to be made to the property, and alterations thereto, and paid the entire cost thereof.

The contention of the defendants in the court below was that John Keohane, through whom they claim, bought this property from Bart, paying therefor the sum of one thousand dollars; and their principal contention upon this appeal is that the court erred in failing to find upon the issue of consideration for the deed thus made. They also contend that if the court should find against this defense, then the evidence shows that the conveyance was made for the purpose of defeating the rights of the grantor's wife, and that, therefore, the court, as a court of equity, will not lend its aid to the plaintiff to quiet the title of the estate represented by him.

Dealing with the last point first, the evidence is not to the effect claimed by appellants; but only goes so far as to show that the legal difficulties apprehended by the grantor were merely the occasion of his doing what in any event he had the right and even the duty to do, namely, secure his brother in the repayment of moneys advanced by him. In saying this we do not mean to intimate that the evidence establishes that Bart Keohane was in fact indebted to his brother; but the evidence of this indebtedness came from the same witness who testified as to the anticipated legal difficulties which

threatened to arise between Bart Keohane and his wife, and
stands on the same plane of credibility. The evidence,
therefore, not establishing that the conveyance was fraudu-
lent, the court was not required upon this ground to deny
to the plaintiff the relief sought.

We are, however, clearly of the opinion that the court
below should have found on the issue of consideration made
by the pleadings; for if John Keohane in fact paid to Bart
the sum of one thousand dollars for a conveyance of this
property, then notwithstanding the other findings in favor
of the plaintiff, to the effect that the deed was not delivered,
and that the plaintiff's intestate had regained title by adverse
possession, the plaintiff would not be entitled to a decree
quieting title unless the court should also find that this sum
of one thousand dollars had been repaid, or, if not repaid, the
decree quieting title should be made contingent upon its re-
payment. "A party seeking to quiet his title to the realty or
remove a cloud thereon will as a condition precedent to the
relief be compelled to do equity." (32 Cyc. 1379, citing
among other cases *Tripp* v. *Duane,* 74 Cal. 85, [15 Pac. 439].)
"A court of equity setting aside a judicial sale under a void
execution as a cloud on title should decree that the purchase
money be refunded." (32 Cyc. 1383.) And the doctrine is
also well established that failure to find upon a material issue
is under certain circumstances ground for reversal. (*Math*
v. *Crescent Hill Gold Mines Co.,* 31 Cal. App. 636, [161
Pac. 140].)

There is no merit in the point that the court committed
error in allowing Bart Keohane's attorney to testify as to
what was said by his client to him, and by him to John Keo-
hane, concerning the purpose of the conveyance. It appears
in the record that all that Bart told the attorney was told
him with the express intention that it be communicated to
John so that the latter might know why the deed was being
executed, and was, therefore, not privileged. (*Ferguson* v.
*McBean,* 91 Cal. 63, [14 L. R. A. 65, 27 Pac. 518]; 40 Cyc.
2363, 2375.) An attorney who acts as a conduit through
which a conveyance is made may testify as to the circum-
stances attending its execution. (*Foster* v. *Wilkinson,* 37
Hun (N. Y.), 242; *Rosseau* v. *Bleau,* 131 N. Y. 183, [27
Am. St. Rep. 578, 30 N. E. 52].)

For the reasons given the judgment is reversed and the cause remanded to the trial court for the purpose of finding upon the issue of consideration, and thereupon to enter its judgment upon the findings as they shall then stand.

Beasly, J., *pro tem.*, and Sturtevant, J., *pro tem.*, concurred.