[Civ. No. 5740. First Appellate District, Division Two.—May 4, 1927.]

JAMES B. JONES, as Administrator, etc., Respondent, v. BANK OF SAN JOSE (a Corporation), Defendant; MAUD K. LOWE, Appellant.

[1] GIFTS — TRANSFER OF BANK ACCOUNT — RETENTION OF CONTROL.— One of the necessary essentials of a valid gift is a complete divestment of control by the donor; and the act of a depositor in transferring his bank account from his name to the name of himself and another does not constitute a valid gift where he does not divest himself of control of the money, but continues to draw moneys from the account, and the alleged donee does not assert any right or claim to the remaining money until after the death of the alleged donor.

[2] ID. — ASSERTION OF CLAIM AFTER DEATH OF DONOR — EVIDENCE. — When a claim of gift is not asserted until after the alleged donor dies, clear and satisfactory evidence is required on every element for the sustaining of such claim; and the retention by the alleged donor of the right to withdraw the whole of a bank deposit claimed as a gift is inconsistent with the idea of a gift.

(1) 28 C. J., p. 664, n. 46.   (2) 28 C. J., p. 681, n. 95.

APPEAL from a judgment of the Superior Court of Santa Clara County. F. B. Brown, Judge. Affirmed.

The facts are stated in the opinion of the court.

Owen D. Richardson for Appellant.

George D. Smith and J. S. McGinnis for Respondent.

BARTLETT, J., pro tem.—By this action the respondent, James B. Jones, administrator of the estate of William O. Jones, deceased, seeks a judgment against the respondent,

1. Joint deposit in bank as constituting gift, notes, 3 Ann. Cas. 866; Ann. Cas. 1916D, 520; 48 A. L. R. 189. See, also, 13 Cal. Jur. 45; 12 R. C. L. 948. What amounts to gift of deposit in bank, note, 23 Am. Rep. 451.

2. See 13 Cal. Jur. 46; 12 R. C. L. 973.

the Bank of San Jose, a corporation, for the sum of $1,629.66, which it is claimed the respondent bank had in its possession as a balance of a deposit made by W. O. Jones with said bank, the inception of the account being a deposit of $2,000 on the 25th of November, 1913, by W. O. Jones and the issuance and delivery to him of a pass-book by the bank, number 10,939, in the name of said W. O. Jones. W. O. Jones died on March 28, 1926. After due proceedings had the respondent, James B. Jones, a brother of W. O. Jones, was appointed as administrator of the estate of W. O. Jones on April 23, 1926, and thereafter qualified as such administrator on May 19, 1926. The administrator brought action against the bank for the recovery of the moneys in question and thereafter, on motion of the respondent Bank of San Jose, the money in dispute was deposited in court and the appellant Maud K. Lowe ordered substituted as defendant in the action in place of the Bank of San Jose.

The substituted defendant, Maud K. Lowe (appellant herein), answering the complaint in the action, averred that the money in question was at the date of the death of William O. Jones, March 28, 1926, on deposit with the bank in the names of W. O. Jones or Maud K. Lowe, and that said W. O. Jones, at the time of making said deposit and thereafter, gave said deposit to the appellant conditioned upon her surviving said W. O. Jones, and that she is such survivor and is the owner of the whole of the moneys remaining of the deposit.

The action was tried by the court and judgment in favor of the respondent administrator given for the sum of $1,629.66 on June 28, 1926. From this judgment the substituted defendant, Maud K. Lowe, prosecutes this appeal. The facts of this case, as established by the evidence taken at the trial in the superior court, show that for some thirty years prior to his death W. O. Jones resided at Lawrence Station in Santa Clara County, California, having a ranch at that point on which he conducted farming operations; that he was an old-time intimate acquaintance of the appellant and members of her family, and that at the time of his death he was of the age of about seventy-two years; that appellant's mother lived at his place and took care of him for some six or eight years; that appellant visited her mother at this ranch on frequent occasions, and that at her mother's

death in July, 1923, said W. O. Jones told her that he had always intended that her mother should have $2,000, but now that she had passed away that he wanted appellant to have that to make up for all that she had spent on her mother and for what she had done for him.

When the account with the Bank of San Jose was opened the person acting on behalf of the bank was Waldo H. Lowe, husband of appellant. The pass-book issued was at various times left by the depositor at the bank in the possession of the husband of appellant and on divers occasions various sums of money were drawn by W. O. Jones from the moneys deposited and the accruing dividends thereon, the last sum drawn being $100, which was paid to the respondent administrator on the written order of deceased, executed two days before his death in January, 1926, at his ranch, he then having the pass-book, number 10,939, in his possession.

At the time W. O. Jones asked the husband of appellant, who was then cashier of the respondent bank, to add the name of appellant, Maud K. Lowe, to the pass-book, and to make the changes thereon so that she could have the money, he gave the cashier the book, who took it to the bank and had the account changed from the name of W. O. Jones to the name of W. O. Jones or Maud K. Lowe, the account then being given the new number of 2095 and that number being written upon the old pass-book. This pass-book was kept at the bank until about a year later when appellant took the book from the bank to the ranch and delivered it to W. O. Jones. The book remained thereafter and until the time of the death of W. O. Jones in his possession and during this time several withdrawals of money from said bank were made by or for the said W. O. Jones.

Appellant claims that the title to the money on deposit in the respondent bank passed from W. O. Jones to her upon the delivery of the pass-book to her husband in January, 1924, and that the placing of the money in an alternative account did not affect the validity of the alleged gift. These claims of appellant the respondent administrator controverts, urging in answer to them that they cannot be upheld because appellant did not assert any claims to the moneys on deposit until after the death of W. O. Jones, and that W. O. Jones had dominion over the funds and exercised dominion over them until the time of his death.

[1] By section 1146 of the Civil Code a gift is defined as "a transfer of personal property, made voluntarily, and without consideration." One of the necessary essentials of a valid gift is a complete divestment of control by the donor. That the donor in the case at bar did not divest himself of control of the property in dispute is clearly shown by the evidence set forth in the transcript. That appellant did not regard the donor as divested of control of the moneys on deposit is evidenced by her delivery of the pass-book to him after the alleged gift, for the admitted purpose of allowing him to draw moneys from the account, and she herself never asserting any right or claims to the moneys until after the death of W. O. Jones. [2] When a claim of gift is not asserted until after the alleged donor dies, clear and satisfactory evidence is required on every element for the sustaining of such claim. The retention in the donor of the right to withdraw the whole of the bank deposit is inconsistent with the idea of a gift.

The cases relied upon by appellant as supporting her claim that the moneys herein deposited were given to her by W. O. Jones do not support her contention, the facts on which they were decided being widely at variance from those in the case at bar. In *Fisher* v. *Ludwig*, 6 Cal. App. 144 [91 Pac. 658], and *Allen* v. *Smith*, 38 Cal. App. 408 [176 Pac. 365], the donors had irrevocably delivered the bank-books in question to the donees, and yielded up all dominion over the funds long before the death of the donors. Here the donor had possession of the bank-book after the gift, such possession being voluntarily given him by the donee; he had on many occasions after this delivery of the bank-book drawn moneys from deposit, and the book was in his possession when he died. It is not disputed by appellant that at all times up to his death the donor here had a right to draw all or any of the funds and no money was drawn from the funds prior to his death except by him or for him.

It cannot be held from the evidence in this case that a gift of the moneys in dispute was made by W. O. Jones to the appellant and it is ordered that the judgment appealed from be and the same is hereby affirmed.

Koford, P. J., and Sturtevant, J., concurred.