*188 OPINION.
Oppek:
The original hearing in this proceeding was held October 3, 1938, pursuant to a mandate of the Circuit Court of Appeals for the Ninth Circuit, reversing an order of the Board which dismissed the proceeding for the reason that the petition did not comply with the requirements of Rule 5 (g) of the Board’s Rules of Practice. See Baldwin v. Commissioner, 94 Fed. (2d) 355. Accordingly, although the petition herein was signed by only one of two executors, the Board has jurisdiction to consider it.
A memorandum findings of fact and opinion was entered after that hearing on November 9, 1939. Upon motion of petitioner this findings of fact and opinion was set aside and vacated by an order dated December 20, 1939, and the proceeding was restored to the calendar “for further hearing.” On May 20, 1940, a few days before the further hearing was held, petitioner filed a motion to strike all the testimony of respondent’s sole witness, David Cosgrave, or, in the alternative, for a hearing de novo. At the further hearing the first alternative was granted over respondent’s objection, the testimony of petitioner’s three witnesses remaining in the record, but the testimony of respondent’s witness Cosgrave being stricken subject to the right of respondent to recall and reexamine him. Thereupon Cos-grave testified on direct and cross-examination and petitioner was recalled for rebuttal testimony. Petitioner objected to certain questions asked of Cosgrave at the further hearing, upon the ground that, since Cosgrave was decedent’s attorney, they called for a disclosure of confidential communications of the decedent. The objections were overruled, and at the conclusion of the hearing petitioner moved to strike all the testimony of this witness upon the same ground. This is the motion which was taken under advisement, to be ruled upon in connection with the decision of the case itself.
The substantive question in the case is whether certain real property owned by decedent was conveyed by her to her son in con *189 templation of death or as a transfer intended to take effect in possession or enjoyment at or after death, so as to justify respondent’s proposed inclusion in the gross estate of the value of that property. We have found as a fact the second of the two alternatives. Although the facts might justify a further finding that the transfer was made in contemplation of death, or that conclusion might follow as a matter of law from the evidentiary facts, we have refrained from finding it also as a fact because, in the view we take, the proceeding is sufficiently disposed of by the ultimate finding which we have made.
The evidence upon which we have based that finding is that given by Cosgrave, which we believe to have been properly admitted. Cosgrave testified that he represented only the decedent, and according to his testimony the material facts with reference to the real property in issue were in part communicated in the presence of a third person, decedent’s son, or were, as to the balance, to be communicated to him pursuant to decedent’s instructions. Under settled rules of general law as well as under the law of evidence of the District of Columbia, and of the State of California, which was decedent’s domicile, such circumstances are sufficient to remove the usual seal of secrecy from communications between attorney and client, from which their customarily confidential nature arises. Oliver v. Cameron, 11 D. C. (McArthur and Mackey) 237; Murphy v. Waterhouse, 113 Cal. 467; 45 Pac. 866; Ferguson v. McBean, 91 Cal. 63; 27 Pac. 518; Keohane v. Keohane, 38 Cal. App. 405; 176 Pac. 386; Collette v. Sarrasin, 184 Cal. 283; 193 Pac. 571, citing Rousseau v. Bleau, 131 N. Y. 177; Koeber v. Somers, 108 Wis. 497; Burnside v. Terry, 51 Ga. 186; Williams v. Bhamenthal, 27 Wash. 24; Bruce v. Osgood, 113 Ind. 360. See also Blackburn v. Crawfords, 70 U. S. 175, 194; Dickerson v. Dickerson, 322 Ill. 492; 153 N. E. 740. This being so, petitioner’s objection to Cosgrave’s testimony was properly overruled and for similar reasons his motion to strike that testimony taken under advisement at the hearing must be and it is denied.[1]
The substance of Cosgrave’s testimony was that the conveyance of the property to petitioner’s son in lieu of testamentary disposition was accomplished by a deed to him duly recorded but prepared simultane *190 ously with a return deed which, as understood by all the parties, was to be executed by the son and retained by Cosgrave, and was to be recorded in the event that the son predeceased decedent. It is petitioner’s contention that this testimony, even though admissible, should not be credited, first, because Cosgrave was a biased witness and, second, because his testimony is contradicted by petitioner and other witnesses appearing in his behalf. While it is true that Cosgrave’s testimony was flatly denied by petitioner and can not be reconciled with his statements, the testimony of the other witnesses was not necessarily inconsistent with that of Cosgrave. Such declarations by decedent to these witnesses as that she intended to give the property to her son or that she wanted him to have the income from it because of his impecunious condition are not at variance with Cosgrave’s version of what was actually performed. Nor are her assertions after she had executed the will and deed that “I have given the estate to Murray,” her son, or that after the execution of the return deed she is said to have told one of the witnesses “he gave it back to me” sufficiently significant or unequivocal to form a basis for any conclusion one way or the other as to the intention of the parties respecting the reversion-ary interest in the property, which is the crucial factor for us to consider in deciding the present proceeding.
Hence it is unnecessary, in order to accept Cosgrave’s statements on that point, to disregard the testimony of apparently disinterested witnesses. This, of course, does not apply to the evidence given by petitioner himself. But Cosgrave is an attorney of many years standing and one whose understanding and memory of the transactions was not successfully impeached. We are unable to conclude that his statements were deliberately false, as we should have to if we were to disregard them. As opposed to the testimony of Baldwin, an interested witness, and one whose understanding or memory may have been much less clear, we have reached the conclusion that Cosgrave is the more reliable witness.
On this version of the facts it seems evident that the effect of the two deeds was no different than would have been a single deed conveying the property to decedent’s son but with a reversion to her in the event that she survived him. Such a transfer is taxable as part of decedent’s estate. Klein v. United States, 283 U. S. 231; Hallock v. Helvering, 309 U. S. 106; Safe Deposit & Trust Co. of Baltimore, Executor, 41 B. T. A. 580. Bespondent was accordingly justified in determining a deficiency in estate tax based upon the undisputed value of the property.
Reviewed by the Board.

Decision will be entered wider Bule 50.

Leech concurs only in the result.

 The procedure at the hearing followed substantially the approved rule for examination of a witness under such circumstances stated in the following language in Collette v. Sarrasin, supra: “It is proper to ask the attorney whether or not with relation to the transaction under inquiry he was acting as the attorney for the person making the statements. If either of the parlies are not satisfied with the answer of the witness, the dissatisfied party can ask such questions as are essential to enable the court to determine whether or not the relationship existed. If the relationship is established to the satisfaction of the court, it remains to be determined whether or not the communication was of such a character as comes within any of the exceptions to the rule concerning communications between attorney and client. The burden of showing that the confidential relation existed was upon the respondent. The showing made being insufficient for that purpose, the rulings excluding the testimony were for that reason erroneous. * *